**Mildred Lee Simpson DICKSON, Petitioner,**

v.

**Johnnie Sam Wormley SIMPSON, Respondent.**

No. C–9521.

Supreme Court of Texas.

Feb. 13, 1991.

Rehearing Overruled March 20, 1991.

R. Stephen McNally, Austin, for petitioner.

Clint C. Small, Jr., Austin, for respondent.

OPINION

MAUZY, Justice.

Mildred Dickson seeks standing to establish paternal inheritance rights. The trial court concluded that her suit was barred by the four-year general statute of limitations, Tex.Civ.Prac. & Rem.Code Ann. § 16.051, and the court of appeals affirmed. 781 S.W.2d 723. We reverse the court of appeals' judgment and remand this cause to the trial court.

E.E. Simpson died on December 21, 1985. Respondent, the surviving widow, filed an application for probate of the will in November 1987. Shortly thereafter, Petitioner filed a will contest. Petitioner claimed that she is E.E. Simpson's daughter, born out of wedlock in 1932, and asserted a right to paternal inheritance. That right, if established, would give her standing to contest the will. *See* Tex.Prob.Code Ann. § 10.

As originally enacted, section 42 of the Probate Code accorded paternal inheritance rights to an illegitimate child only if the parents had married after the child's birth. Act of March 17, 1955, ch. 55, § 42, 1955 Tex.Gen.Laws 102. In 1977, the legislature added to section 42 a provision extending inheritance rights where the father had

voluntarily legitimated the child under chapter 13 of the Texas Family Code. Act of May 13, 1977, ch. 290, § 1, 1977 Tex. Gen.Laws 762. A 1979 amendment added another mechanism for establishing inheritance rights: namely, the child could be legitimated by court decree under chapter 13 of the Family Code. Act of March 19, 1979, ch. 24, § 25, 1979 Tex.Gen.Laws 40; *see also* Act of May 17, 1979, ch. 713, § 5, 1979 Tex.Gen.Laws 1743 (reenacting same provisions).

■ The statutes in force at the time of death govern the disposition of the decedent's estate. *Davis v. Jones,* 626 S.W.2d 303, 305 (Tex.1982); *see* Tex.Prob.Code. Ann. § 37. At the time of E.E. Simpson's death, the foregoing provisions were the only avenues by which an illegitimate child could assert paternal inheritance rights. *See Seyffert v. Briggs,* 727 S.W.2d 624, 628 (Tex.App.—Texarkana 1987, writ ref'd n.r. e.).

■ Petitioner concedes that her parents never married. Nor did her alleged father ever execute a formal statement of paternity. Thus, section 42(b) relegates Petitioner to the mechanism recognized in 1979: legitimation by court decree under chapter 13 of the Texas Family Code.

That mechanism, however, has never been within Petitioner's reach. As enacted in 1975, chapter 13 provided that an illegitimate child could institute a paternity action only before the child was one year old, or the suit was barred. Act of June 2, 1975, ch. 476, § 24, 1975 Tex.Gen.Laws 1261–62. At that time, Petitioner was already forty-two years old. Subsequent amendments boosted the age limit to four years, Act of June 1, 1981, Acts 1981, ch. 674, § 2, 1981 Tex.Gen.Laws 2537, and finally to twenty years, Act of May 24, 1983, ch. 744, § 1, 1983 Tex.Gen.Laws 4531. Obviously, though, neither of those amendments were of any help to Petitioner.

Because of the strict limitation periods in chapter 13, Petitioner never had the opportunity to institute an action to determine whether E.E. Simpson was her father. Consequently, Petitioner is statutorily barred from asserting any claim to paternal inheritance. Petitioner contends that such a bar unjustifiably discriminates against illegitimates, and therefore violates her right to equal protection of the laws. U.S. Const. amend. XIV, § 1. We agree.

■ The legal status of illegitimacy is, like race or national origin, a characteristic beyond an individual's control, and it bears no relation to the individual's ability to participate in and contribute to society. *Mathews v. Lucas,* 427 U.S. 495, 505, 96 S.Ct. 2755, 2762, 49 L.Ed.2d 651 (1976). Thus, a statutory classification based on illegitimacy violates equal protection unless it is substantially related to an important governmental interest. *Id.*[1] Applying that standard, the United States Supreme Court has held that the total statutory disinheritance, from the paternal estate, of children born out of wedlock and not legitimated by the subsequent marriage of their parents is unconstitutional. *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). The same result obtains when the state conditions an illegitimate child's rights on voluntary action by the father. *See Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982); *Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973).

The orderly administration of estates is undeniably an important governmental interest. In our view, however, the statutes which govern this case are not substantially related to the furtherance of that interest. *See Reed v. Campbell,* 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858 (1986). The statutory framework effects a complete bar to recovery by any illegitimate in Petitioner's situation, regardless of the merits of the claim. Whether the statutes pro-

---

1. In weighing a previous constitutional challenge to section 42(b), this court applied a "rational basis" test. *Davis v. Jones,* 626 S.W.2d 303, 309 (Tex.1982). A court of appeals opinion relying on *Davis,* however, was subsequently overturned by the United States Supreme Court.

*Reed v. Campbell,* 682 S.W.2d 697 (Tex.App.—El Paso 1984, writ ref'd n.r.e.), *rev'd,* 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858 (1986). We hereby overrule our opinion in *Davis* to the extent that it applied a more relaxed standard than we adopt today.

mote orderly probate is debatable; that the statutes harshly discriminate against illegitimates is certain.

The court of appeals held that the statutory structure in this case is superior, from the illegitimate's perspective, to the statute upheld in *Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). We disagree. Under the statute in *Lalli*, an illegitimate child could gain inheritance rights by bringing a paternity action during the father's lifetime. Petitioner, in contrast, had no such opportunity.

We hold that the Fourteenth Amendment guarantees Petitioner a fair opportunity to establish her heirship. We therefore reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.