Richard McMAHAN, Appellant,

v.

Johnny Lynn NAYLOR, et al., Appellees.

No. 13–92–397–CV.

Court of Appeals of Texas,
Corpus Christi.

May 27, 1993.

Rehearing overruled June 30, 1993.

O.F. Jones, III, Victoria, for appellant.

Todd P. Steele, Scanio, Teer, Cox & Steele, Refugio, Ken Dahlberg, Wood, Burney, Cohn & Bradley, Corpus Christi, for appellees.

Before GILBERTO HINOJOSA, KENNEDY and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is an appeal from the granting of a summary judgment against appellant, Richard McMahan, who had filed a Petition to Declare Heirship to establish paternity to show entitlement to a share of the estate of Travis Naylor, deceased. We affirm the order of the trial court.

Travis Naylor executed a will on January 17, 1975. Appellant was born on June 22, 1957 and, therefore, was eighteen years old when Naylor's will was executed. In his will, Naylor bequeathed all of his personal property "to my children, Johnny Lynn Naylor, Jacqueline Kay Naylor, and Joanie Michele Naylor, or to the survivors or survivor of them at my death." Naylor bequeathed the remainder of his estate to First Victoria National Bank, as trustee, and designated that the number of shares in the trust "shall equal the number of children who may survive me plus an equal share of my estate for the issue of each child of mine who may predecease me...." Naylor's will continued, "At present I have the following children only, namely, Johnny Lynn Naylor, age sixteen; Jacqueline Kay Naylor, age fourteen; and Joanie Michele Naylor, age ten." [1]

---

1. The will provided that, for any child who was older than twenty-five years of age at Naylor's death, the share of the residue of Naylor's estate which would have been placed in trust would instead vest directly in that child. At the time of Naylor's death, the three children named as beneficiaries were alive and over twenty-five years of age. Therefore, the trust was not acti-

Naylor died on January 11, 1992, and his will was admitted to probate in the Refugio County Court. In the same cause and in the same court, appellant filed a Petition to Declare Heirship to establish Naylor's paternity to him and, thereby, claim under Naylor's will.

Appellees, John Lynn Naylor, Jacquelin Day Baugh and Joni Michelle Barber, filed a motion for summary judgment on three grounds. First, appellees asserted that appellant's Petition to Declare Heirship and to establish Naylor's paternity was barred by limitations as a matter of law by Section 13.01(a) of the Family Code. *See* TEX.FAM. CODE ANN. § 13.01(a) (Vernon Supp.1993). Second, appellees contended that, under Chapter 13 of the Family Code, a suit to determine paternity does not survive the death of the putative father. *See In Interest of George*, 794 S.W.2d 875, 877 (Tex. App.—Tyler 1990, no writ). And, in their third point, appellees argued that this petition was improperly brought under Section 48 of the Probate Code, because Section 48 only applies to property passing intestate. *See* TEX.PROB.CODE ANN. § 48 (Vernon 1980).

Appellant's response to appellees' motion for summary judgment only addressed appellees' arguments which were based on Section 13.01(a) of the Family Code. Appellant argued to the trial court that, applying the discovery rule, the statutory limitation for the determination of paternity would not bar his cause of action to establish heirship. To support this argument, appellant submitted affidavits from himself and his mother, stating that he did not discover that Naylor was "in fact" his father until shortly after Naylor's death. Appellant also questioned the constitutionality of the limitations statute, arguing that the Texas and United States constitutions guarantee rights of heirship, regardless of the "legitimacy of birth." The county judge granted appellees' motion for summary judgment upon all grounds present-

ed, and ordered that appellant take nothing.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issue expressly set out in the motion or response. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). Issues must be expressly presented to the trial court to be considered on appeal as grounds for reversal. TEX. R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979).

Section 13.01(a) of the Family Code states that "[a] suit to establish paternity ... must be brought on or before the second anniversary of the day the child becomes an adult, or the suit is barred." TEX.FAM.CODE ANN. § 13.01(a) (Vernon Supp.1993). Former versions of this section have been successfully attacked on constitutional grounds, *see, e.g., Dickson v. Simpson*, 807 S.W.2d 726, 727–28 (Tex. 1991), and appellant very well may have a meritorious argument. However, appellant erroneously filed a Petition to Declare Heirship under section 48 of the Probate Code to establish entitlement to Naylor's estate.

 Section 48 of the Texas Probate Code governs proceedings to declare heirship. TEX.PROB.CODE ANN. § 48 (Vernon 1980). It only applies to property which passes intestate. According to Section 3(*o*) of the Code, "heirs" denotes persons, "including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of a decedent *who dies intestate*." (emphasis ours) Section 48 states that a proceeding to declare heirship is appropriate either 1) "[w]hen a person dies intestate," or 2) if a will has been probated, when "any real or personal property ... has been omitted from such will."

 Naylor did not die intestate. Instead, he died leaving a will which purports to dispose of all of his property.[2] We hold

vated and all of the property vested in the three children under the will.

2. If appellant were to establish that he is an heir to Naylor's estate, it is nonetheless doubtful that appellant would succeed to a portion of Naylor's

that section 48 is inapplicable to the undisputed facts of this case.

Because appellant filed the wrong proceeding on the facts of this case, we affirm the trial court's order. We hold that there was no genuine issue of material fact and that the county court correctly granted summary judgment as a matter of law on appellant's Petition to Declare Heirship. TEX.R.CIV.P. 166a(c); *Nixon,* 690 S.W.2d at 548.

The judgment of the county court is AFFIRMED.

estate. If a will is properly executed and duly admitted to probate, then the will is the only vehicle through which title is vested and property transferred to the new owner. *See* TEX.PROB. CODE ANN. §§ 57-71 (Vernon 1980); *Lange v. Schulte,* 276 S.W.2d 889, 893 (Tex.Civ.App.—Amarillo 1954, writ ref'd n.r.e.). Naylor's will apparently disposes of all of his property, and so none of it would pass to appellant intestate. Appellant contends that he is a "child" of Naylor, and that Naylor's bequeath is to his children as a *class.* Thus, appellant argues that he should inherit an equal share of Naylor's property. However, the will specifically identifies the three children who Naylor intended to be devisees. As a matter of law, if a will describes legatees as a class but also identifies them by name or number, then the devise is not one to a class but to individuals. *Block v. Edge,* 608 S.W.2d 340, 341 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Benson v. Greenville Nat. Exchange Bank,* 253 S.W.2d 918, 924 (Tex.Civ. App.—Texarkana 1952, writ ref'd n.r.e.). Moreover, appellant is not a "pretermitted" child since he was born before the execution of Naylor's will. *See* TEX.PROB.CODE ANN. § 67(c) (Vernon Supp.1993).