Frieda Beth YORK a/k/a Betty Barlow York, Appellant,

v.

Tom W. FLOWERS, Appellee.

No. 04–93–00190–CV.

Court of Appeals of Texas, San Antonio.

Jan. 19, 1994.

Rehearing Denied March 15, 1994.

William L. Knobles, Grace G. Kunde, Knobles & Klingemann, Inc., Seguin, for appellant.

William E. Hooks, Jr., San Antonio, M.C. Whitehead, Long & Whitehead, Karnes City, for appellee.

Before BUTTS, GARCIA and PRESTON H. DIAL, Jr., JJ.

## OPINION

PRESTON H. DIAL, Jr., Justice.[1]

This is an appeal from a summary judgment. We will reverse the judgment.

Appellant Betty Barlow York (York) brought suit in May of 1992 to establish that she was the illegitimate biological daughter of Coburn Barlow and entitled to inherit his interest in a 41.5 acre tract. Barlow died intestate in 1944.

Appellee Tom Flowers (Flowers) filed a motion for summary judgment based upon three grounds:

(1) A recognized illegitimate child is not entitled to inherit from the estate of her biological father who died intestate;

(2) York's claim is barred by the three, five, ten, and twenty-five year statutes of limitations. TEX.CIV.PRAC. & REM.CODE ANN. § 16.024, .025, .026, .027, 028 (Vernon 1986);

(3) York is barred by the four-year residual statute of limitations from seeking any entitlement to Barlow's estate. TEX.CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986).

■ The trial court ruled that Flower's motion for summary judgment "should be in all things granted." When a summary judgment does not specify a particular ground for its granting, an appellant must attack every possible basis for the judgment in its appeal.

Woomer v. City of Galveston, 765 S.W.2d 836, 837–38 (Tex.App.—Houston [1st Dist.] 1988, writ den'd). York does this in a single point of error containing three subpoints addressed to each ground in the motion for summary judgment. These points were likewise presented to the trial court as reasons to defeat the movant's entitlement to summary judgment; and therefore, are properly before us. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex.1979); TEX.R.CIV.P. 166a(c).

■ All doubts concerning the existence of a material fact question are resolved against the party moving for summary judgment, and all the summary judgment proof is viewed in a light most favorable to the nonmovant. Wilcox v. St. Mary's Univ. of San Antonio, Inc., 531 S.W.2d 589, 593 (Tex. 1975).

For purposes of this appeal it is therefore presumed that Betty York is the illegitimate daughter of Coburn Barlow. York was adopted by Catherine Flowers, who married Coburn Barlow shortly after the adoption. During their marriage Coburn and Catherine purchased the 41.5 acre tract. Coburn Barlow died intestate in 1944, and there was no administration of his estate. In 1955, Catherine Flowers Barlow conveyed by a general warranty deed to Nathan Flowers three tracts of land including the 41.5 acre tract. Nathan Flowers is appellee Tom Flowers's predecessor in title.

## I. Betty York is Entitled to Inherit From the Estate of Her Biological Father.

■ Appellee Flowers contended in his motion for summary judgment that under Texas law, a recognized illegitimate child is not entitled to inherit from her father and therefore he was entitled to summary judgment.

The applicable law is to the contrary. In Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the United States Supreme Court held that a total statutory disinheritance of illegitimate children whose

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T

CODE ANN. § 74.003(b) (Vernon 1988).

fathers die intestate is violative of the Equal Protection Clause of the 14th Amendment. This holding was applied retroactively in *Reed v. Campbell,* 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858 (1986), to the then existing provision of the Texas Probate Code. That provision prohibited an illegitimate child from inheriting from its father unless its parents had subsequently married. The probate code has since been amended.

There are now multiple methods for a biological child to establish a right of inheritance under the Texas Probate Code section 42(b) (Vernon Supp.1994). In her Application for Declaration of Heirship, York was proceeding under the presumption created in TEX.FAM.CODE ANN. § 12.02(a)(5) (Vernon 1994). A man is presumed to be the biological father of a child received into his home and held out to be his biological child. York was also entitled to show by clear and convincing evidence that Coburn Barlow was her biological father. York offered uncontradicted summary judgment evidence supporting her entitlement to inheritance in compliance with these two provisions of § 42(b). At the very least, this created a material fact issue. The cases relied upon as authority by Flowers to show his entitlement to judgment as a matter of law were cases reported before the current amendment to the Texas Probate Code and, therefore, are not applicable here.

Flowers has therefore failed to establish entitlement to summary judgment as a matter of law on the basis that an illegitimate child cannot inherit from her father.

## II. York is Not Barred by Adverse Possession.

Flowers also based his motion for summary judgment on the three, five, ten, and twenty-five year adverse possession statutes. TEX.CIV.PRAC. & REM.CODE ANN. § 16.-024, .025, .026, .027, .028 (Vernon 1986).

When Coburn Barlow died, under intestate succession his wife took a one-half interest, and his daughter inherited her father's one-half community interest in the tract. TEX. PROB.CODE ANN. § 45 (Vernon Supp.1994). When Catherine executed the deed to Nathan Flowers, she purportedly intended to convey all of the 41.5 acre tract except a retained life estate. Since for our purposes York was a living child of Coburn Barlow, Catherine could not convey more than her one-half community interest. A co-tenancy situation existed at that time between York and Catherine's successors, and it continued until the institution of this suit.

A co-tenant will not be permitted to claim the protection of the adverse possession statutes unless it clearly appears that he has repudiated the title of his co-tenant and is holding adversely to it. *Todd v. Bruner,* 365 S.W.2d 155, 156 (Tex.1963). The burden was on Flowers to show that actual notice of repudiation of the co-tenancy relationship by him or his predecessors in title had been brought home to York to start the limitation period running. There is no evidence of actual notice of repudiation.

York's summary judgment evidence was that neither Tom Flowers nor any of his predecessors in title ever notified her that they were claiming 100% ownership of the 41.5 acre tract. York was only vaguely aware of the deed from Catherine to Nathan Flowers and had never seen it.

Under these statutes "Adverse Possession" means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person. TEX.CIV.PRAC. & REM.CODE ANN. § 16.021(1) (Vernon 1986). The possession must be of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant. *Rhodes v. Cahill,* 802 S.W.2d 643, 645 (Tex.1990). The question of adverse possession normally is a question of fact, so only in rare instances is a court justified in holding that adverse possession has been established as a matter of law. *Bywaters v. Gannon,* 686 S.W.2d 593, 595 (Tex.1985). We believe this not to be one of those rare instances. The summary judgment evidence of Flowers showed only possession in him that was consistent with and not hostile to York's co-tenancy. A material fact issue existed with respect to notice of repudiation of the co-tenancy. No entitlement to summary judgment was established under the three,

five, ten, and twenty-five year adverse possession statutes.

### III. York is Not Barred by the Residual 4–Year Statute of Limitations.

 The final ground asserted in Flowers's motion for summary judgment was based on the residual four-year statute of limitations. This statute is presently found in section 16.051 of the Texas Civil Practice and Remedies Code as follows:

> Every action for which there is no express limitation period, *except for an action for recovery of real property,* must be brought not later than 4 years after the cause of action accrues. (Emphasis added).

TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). The language of section 16.-051 has been a part of Texas law since 1879, when it was included as part of the first revision of the civil statutes following the adoption of the Texas Constitution of 1876. Title LXII "Limitations," chapter 2, "Limitations of Personal Action" included article 3207, which read:

> Every action other than for the recovery of real estate, for which no limitations is otherwise prescribed, shall be brought within 4 years next after the right to bring the same shall have accrued and not afterwards.

The language of article 3207, as added in the 1879 revision, was not altered in the later revisions in 1895, 1911, and 1925. When the Civil Practice & Remedies Code was adopted in a non-substantive revision in 1985, the language was altered slightly with no apparent change in meaning intended.

The plain words of the Legislature except from the applicability of the four-year statute of limitations "an action for the recovery of real property." York brought this suit to establish her challenged interest in the 41.5 acre tract. That she also needed to establish her pre-requisite heirship status does not detract from or change the nature of the suit from one for the recovery of real property.

We hold that the four-year statute of limitation does not apply to York's cause of action.

The appellant's point of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings.