**Louise CANTU, Oris Lee White, and Mary Louise White, Appellants,**

v.

**Delia SAPENTER, Cheré Cantu Talbert, Matthew Roosevelt Cantu, Floyd Allen Cantu, Laura Lee Cantu Haynes, Eddie Louis Cantu Upton, Isaac Wilbert Cantu, Moses Gilbert Cantu, Joyce Bernell Cantu Mabry, Appellees.**

No. 04–95–00550–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1996.

Rehearing Overruled Jan. 7, 1997.

Dean M. Kilgore, Austin, for Appellants.

Raul X. Villarreal, Clarence R. McGowan, San Antonio, for Appellees.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This is an appeal from a probate action in which appellees, Delia Sapenter and the heirs of David Cantu, sought to establish their rights to inherit from the estate of Oliver Cantu. The trial court ruled that Delia Sapenter and David Cantu, deceased, were the children of Oliver Cantu and were entitled to heirship. We reverse the trial court's judgment and render that appellees heirship action is barred by the statute of limitations.

Appellant Louise Cantu is the surviving widow of Oliver Cantu, who died intestate in 1982. No administration of Oliver's estate was ever attempted. Louise conveyed a tract of land, previously owned by her husband, to the appellants Oris Lee White and Mary Louise White in 1986. Appellees contend that Delia Sapenter and David Cantu, deceased, are both the illegitimate children of Oliver Cantu and therefore, have a right to inherit from his estate, including the land deeded to the Whites.

It is clear from the record that Louise Cantu was aware that her late husband fathered David Cantu out of wedlock, prior to their marriage. However, Mrs. Cantu had never heard of Delia Sapenter and was positive that she was not Oliver Cantu's child.

Ms. Sapenter testified that she was aware that she was Oliver Cantu's child long before his death. She introduced photographs into evidence of herself and Oliver Cantu and testified that he had visited her often. She attended his funeral and was aware of the property he owned at the time of his death. Although Ms. Sapenter testified that she filed an affidavit in 1991 regarding heirship, no action was filed by either David Cantu, who died in 1986, his heirs, or Ms. Sapenter until May of 1993.

In each point of error on appeal, appellants assert that the claims made by appellees are barred by the statute of limitations.

Section 42(b) of the Texas Probate Code was amended effective September 1, 1987 to allow a party "not otherwise presumed to be a child of the decedent, [to] petition the probate court for a determination of right of inheritance." Act of June 17, 1987, 70th Leg., R.S., ch. 464, § 1(b), 1987 Tex.Gen. Laws 2051 (codified at TEX.PROB.CODE ANN. § 42(b) (Vernon Supp.1996)). Prior to that time, and at the time of Oliver Cantu's death, there was no legal avenue for an illegitimate child to claim inheritance unless they had been legitimated or fit into one of the presumptions listed in the Family Code. Act of June 13, 1979, 66th Leg., R.S., ch. 713 § 42(b), 1979 Tex.Gen.Laws 1743.

■ We first express our concern that any action taken by this court not infringe on the rights afforded an illegitimate child. *See Weber v. Aetna Casualty & Sur. Co.,* 406 U.S. 164, 175–76, 92 S.Ct. 1400, 1406–07, 31 L.Ed.2d 768 (1972). Were the state's interest limited to an interest in protecting legitimate family relationships, we would not hesitate to find a violation of the Equal Protection Clause of the United States Constitution. *See Trimble v. Gordon,* 430 U.S. 762, 769, 97 S.Ct. 1459, 1464–65, 52 L.Ed.2d 31 (1977). However, the right to establish heirship must be balanced with the state's interest in the orderly administration of estates and the validity of property ownership. *Reed v. Campbell,* 476 U.S. 852, 855, 106 S.Ct. 2234, 2237, 90 L.Ed.2d 858 (1986); *see Smith v. Little,* 903 S.W.2d 780, 788 (Tex. App.—Dallas 1995, writ granted); *Turner v. Nesby,* 848 S.W.2d 872, 877 (Tex.App.—Aus-

tin 1993, no writ). The state's interest in clear disposition of estates can substantiate limitations placed on the time and manner in which claims can be brought by illegitimate children asserting a right to inherit. *Reed,* 476 U.S at 855, 106 S.Ct. at 2237; *see Henson v. Jarmon,* 758 S.W.2d 368, 371 (Tex. App.—Tyler 1988, no writ).

■ The normal limitations period to challenge an heirship determination is four years. TEX.PROB.CODE ANN. § 55(a) (Vernon 1980). When no specific statute of limitations applies, the residual four year statute is used. TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986); *see Smith,* 903 S.W.2d at 788; *cf. In re Sicko,* 900 S.W.2d 863, 865 (Tex. App.—Corpus Christi 1995, no writ). The statute of limitations does not begin to run until a party discovers facts establishing that cause of action. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990).

Appellees cite to *York v. Flowers,* 872 S.W.2d 13, 16 (Tex.App.—San Antonio 1994, writ denied), for the proposition that the four-year statute of limitations does not apply to an heirship proceeding. However, *York* was a suit brought in the district court to determine an interest in real property. *Id.* The heirship status was a prerequisite to York's recovery and this court found that the four year limitations did not apply because the case was an action to recover real property. *Id.; see* TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). The instant case is purely a probate action to establish heirship and the real property issue is not before this court. *York* does not hold that the four year statute of limitation is not applicable to a determination of heirship. *See York,* 872 S.W.2d at 16. Furthermore, in *York,* the party claiming to be an heir was a presumed child under the statutory framework because she had lived with her deceased father and he held her out as his own child. *Id.* at 14–15.

The parties do not point us to any Texas case law, nor were we able to find any, where an heirship determination was filed when no previous administration of the estate had taken place. *See Turner,* 848 S.W.2d at 877 n. 2 (specifying that they were not determining

the limitation period for an heirship determination when no judgment distributing the estate had been entered).

We have considered the finding in *Dickson v. Simpson*, 807 S.W.2d 726, 727–28 (Tex. 1991), where the court refused to bar Dickson's action to establish heirship even though the statute in place at the time of her father's death did not allow her the opportunity to file the action. *Id.* at 728. The court emphasized that the statutory scheme must provide an illegitimate child with a "fair opportunity to establish heirship." *Id.*

 In weighing the state's interest in protecting clear title and preserving the effective administration of estates, we find that there must be some limits put on those making an heirship claim. *See Reed*, 476 U.S. at 855, 106 S.Ct. at 2237; *Smith*, 903 S.W.2d at 788; *Turner*, 848 S.W.2d at 877. Because no heirship determination was previously filed for Oliver Cantu's estate, we find that the residuary four-year statute of limitations section applies. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986); *Smith*, 903 S.W.2d at 788. However, we must first determine whether any action took place to trigger the running of the limitations period.

The facts presented in the record establish that appellees were aware of their lineage, were apprised of Oliver Cantu's death, and knew of Oliver's property. They took no action, though, until the filing of this suit. When Louise Cantu recorded her deed, granting title of the property to the Whites, she purported to deed all interest in the property to the Whites. This was not a formal administration of the estate, but it created an interest adverse to that of appellees. The recorded deed gave appellees at least constructive knowledge that any interest they had in the property was at stake. *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981). Had the cause of action been plausible in 1986, the statute of limitations period would have begun at that point. Because no cause of action was allowed under Probate Code Section 42(b) at that time, appellees' cause of action to determine heirship arose when the statute was amended effective September 1, 1987. *See Burns*, 786 S.W.2d at 267. Under the residual four-year statue of limitations, appellees' action was barred as of September 1, 1991.

Because appellees were afforded the right to claim heirship, we find that our interpretation of the statutory scheme does not violate their constitutional rights. Appellees were harmed only by their own failure to take action to preserve their inheritance rights.[1]

We sustain appellants' points of error one and two. The judgment is reversed and we render that appellee's claims are barred by the statute of limitations. Louise Cantu is the sole heir of the estate of Oliver Cantu.

---

1. We caution that we limit the holding in this case to cases involving similar circumstances. We do not decide whether the limitation period would apply when an illegitimate child does not know or through diligence could not have known of facts adverse to their interest.