In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-364 CV


____________________



LEONARD JETER, Appellant



V.



BILL F. McGRAW, RAMONA KATHARINE McGRAW,


JOHN D. FARR, ARTIE R. FARR BROOKS and the 


ESTATE OF WILLIE MACK FARR, Appellees






On Appeal from the 1st District Court


Jasper County, Texas


Trial Court No. 20,865





 

O P I N I O N



 Appellant Leonard Jeter sought a judgment declaring him to be an heir of Maine
Jeter and an owner of certain real property claimed by appellees Bill and Ramona
Katharine McGraw. Jeter's petition also included a request for a partition of the property. 
The McGraws responded with a general denial, a "not guilty" answer appropriate for a
trespass to try title action, and affirmative defenses. After the trial court granted summary
judgment in favor of the McGraws, Jeter instituted this appeal. 

Factual Background


 Maine Jeter married Mary Lee Hamilton Diggles Jeter in 1931 and remained
married to her until his death in 1947. No children were born to the marriage. However,
Maine Jeter was the biological father of a son, Leonard Jeter, born outside of wedlock in
1935. 

 In 1934 Maine Jeter and his mother, Octovene Powell, purchased as co-tenants two
tracts of land in Jasper County; each owned a 50% undivided interest in the property. By
virtue of marriage, Maine Jeter's wife Mary owned a one-half interest in Maine Jeter's
50% share. In 1965, Octovene conveyed her interest (50%) in the two tracts of land to
Leonard Jeter and Gussie Farr. The purchase gave Leonard Jeter a 25% interest in the two
tracts of land. Gussie Farr died in 1972 and was survived by her spouse, Fletcher Farr,
and their children, Willie Mack Farr, Artie B. Farr Brooks, and John Farr. 

 According to Bill McGraw's affidavit attached to the McGraw motion for summary
judgment, Leonard Jeter contacted attorney McGraw around 1975 concerning some legal
work. McGraw stated that Leonard Jeter, who knew at that time Maine was his father,
was interested in partitioning certain real property owned by his father. By 1965 Leonard
Jeter had bought a 25% interest in the two tracts from Octovene Powell. 

 In 1981, attorney McGraw prepared an affidavit of heirship setting out Leonard
Jeter and Mary Jeter as the only heirs of Maine Jeter. The affidavit of heirship was filed
of record on July 5, 1983. That same day, Mary Jeter, who was at that time the widow
of Maine Jeter, conveyed by deed "all [her] undivided one-fourth (1/4th) interest" in the
two tracts to Bill McGraw. In another deed in 1984, she conveyed "all [her] undivided
interest" in the real property to Bill McGraw. No administration was opened on the estate
of Maine Jeter, and no final judgment distributing the estate was entered.

 Leonard Jeter's Petition 


 Leonard Jeter sued the McGraws, John D. Farr, Artie R. Farr Brooks, and the
Estate of Willie Mack Farr in March 1999. (1) Jeter's claims include the following: (1) a
trespass to try title action; (2) a request for a declaratory judgment (i) interpreting the
deeds and records pertaining to the property, (ii) setting out the heirship of Maine Jeter,
(iii) determining Leonard Jeter's percentage ownership of the property and the equitable
interests of the parties, and (3) a request for a partition of the property. 

McGraws' Motion for Summary Judgment
 

 In their motion for summary judgment, the McGraws urge that, as a matter of law,
Leonard Jeter cannot inherit from Maine Jeter, who died intestate. As the McGraws point
out, the statutes in force at the time of a person's death govern the disposition of his estate. 
Dickson v. Simpson, 807 S.W.2d 726, 727 (Tex. 1991). When Maine Jeter died in 1947,
article 2581 of the Revised Civil Statutes provided that a child born out of wedlock could
not inherit from his father's estate unless the father subsequently married the child's
mother and recognized the child. (2) Since Maine Jeter and the biological mother never
married, the McGraws assert that Leonard is precluded by statute from any inheritance
from Maine Jeter. (3)
 

Jeter's Response And Motion For Summary Judgment


 Leonard Jeter filed his response to the McGraws' summary judgment motion, as
well as his own motion, in a single pleading that asserts he is the heir of Maine Jeter. In
support of his assertion, he recites the historical facts as set out herein and attaches
documentary evidence. 

 There is no dispute he is Maine's son. The disagreement is over whether he
inherited from Maine. Relying on Dickson and Trimble v. Gordon, 430 U.S. 762, 97
S.Ct. 1459, 52 L.Ed.2d 31 (1977), for the proposition that total disinheritance in the
circumstance presented here is unconstitutional, Leonard Jeter argues his motion for
summary judgment should be granted as a matter of law. Based on his claim of heirship
from Maine Jeter and his 25% purchase from Octovene Powell, Jeter asserts he owns 50%
of the real property in question. 

McGraws' Response to Jeter's Motion for Summary Judgment


 The McGraws maintain that Mary Jeter, the surviving spouse, is Maine's only legal
heir. They acknowledge that Dickson declared the 1985 version of section 42 of the Texas
Probate Code unconstitutional. However, the McGraws also argue that because Dickson
did not expressly declare unconstitutional the similar statute (art. 2581) in effect in 1947
at the time of Maine's death, that statute still applies to preclude Leonard Jeter from
inheriting from his father. 

 Another argument raised in their response to Jeter's motion for summary judgment
is the affirmative defense of statute of limitations. The McGraws assert that the four year
statute precludes Leonard Jeter's claim to the property in question, since he knew he was
Maine Jeter's biological son for "much more than four years" and yet failed to pursue that
claim in a timely fashion. 

Summary Judgment Standard 


 To prevail on summary judgment, a plaintiff must conclusively establish all
elements of his cause of action as a matter of law. Tex. R. Civ. P. 166a(c); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). A defendant
moving for summary judgment must disprove at least one essential element of each of the
plaintiff's theories of recovery or conclusively establish each element of an affirmative
defense. Tex. R. Civ. P. 166a(c); see Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). When the parties file competing motions for summary judgment, and one is granted
and the other denied, an appellate court reviews the summary judgment evidence presented
by both sides and determines all questions presented. Commissioners Court of Titus
County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). 

Heirship As a Matter of Law


 In his first issue, Jeter contends the trial court erred as a matter of law in
"disinheriting [him]," as a child born out of wedlock, from his father's estate and claims
such disinheritance violated the equal protection clause of the Fourteenth Amendment of
the United States Constitution. In 1977, the United States Supreme Court held an Illinois
law unconstitutional because it discriminated for no legitimate state purpose against
children born out of wedlock. See Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52
L.Ed.2d 31 (1977). In Reed v. Campbell, 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858
(1986), the Court expressly applied its holding in Trimble to section 42 of the Texas
Probate Code and held that Trimble would have retroactive application. See Reed, 476
U.S. at 854-57. As Reed stated, "The interest in equal treatment protected by the
Fourteenth Amendment to the Constitution -- more specifically, the interest in avoiding
unjustified discrimination against children born out of wedlock [citation omitted] -- should
therefore have been given controlling effect." Reed, 476 U.S. at 856. Relying on Trimble
and Reed, the Texas Supreme Court in 1991 declared unconstitutional section 42 of the
Texas Probate Code, a statute similar to the statute (article 2581) in effect at the time of
Maine Jeter's death. See Dickson, 807 S.W.2d 726. The rule of law in Trimble, Reed,
and Dickson applies to the statute in effect in 1947 at the time of Maine Jeter's death. 

 Under the competing summary judgment standard, we also consider the ground
presented in Jeter's motion in light of the analysis above. All agree Leonard is the
biological son of Maine. Furthermore, pursuant to Tex. Prob. Code Ann. § 52 (Vernon
Supp. 2002), the affidavit of heirship, having been on file in the deed records for more
than five years, serves as prima facie evidence of the facts therein stated in a proceeding
to declare heirship or in a suit involving title to real or personal property. As a biological
son, Leonard Jeter is entitled to inherit from his father as a matter of law, unless the
McGraws produce summary judgment evidence sufficient to raise a fact issue on the
matter. See Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).

 In their response to Jeter's motion, the McGraws pleaded the affirmative defense
of the four-year statute of limitations, and also asserted it as the basis for their argument
on appeal. Section 16.051 of the Texas Civil Practices and Remedies Code provides as
follows:

 Every action for which there is no express limitations period, except an
action for the recovery of real property, must be brought not later than four
years after the day the cause of action accrues.


Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997) (emphasis added). We note
that the statute expressly excepts from the applicability of the residual four year limitations
statute "an action for the recovery of real property." This suit, which involves a trespass
to try title action, falls within that exception.

 With differing results, the San Antonio court of appeals has considered two cases
in which the four-year residual limitations statute was raised in the context of section 42(b)
and Trimble. See Cantu v. Sapenter, 937 S.W.2d 550 (Tex. App.--San Antonio 1996, 
writ denied); and York v. Flowers, 872 S.W.2d 13 (Tex. App.--San Antonio 1994, writ
denied). In York, an adult child sued the grantee under a deed in order to recover certain
real property. See York, 872 S.W.2d at 14,16. In so doing, she sought to establish that 
she was a child born out of wedlock to Coburn Barlow and that she was entitled to inherit
his interest in certain real property. Id. at 14-15. Relying on Trimble and Reed, the York
court held that, as a child born outside wedlock, she could not be barred as a matter of law
from inheriting from her father. York, 872 S.W.2d at 15. The court further found that
York brought the suit "to establish her challenged interest in the 41.5 acre tract. That she
also needed to establish her pre-requisite heirship status does not detract from or change
the nature of the suit from one for the recovery of real property." Id. at 16.

 In Cantu, children born out of wedlock filed suit to establish their right to inherit
from the estate of Oliver Cantu, who died intestate in 1982. See Cantu, 937 S.W.2d at
551. The Cantu court distinguished York, because the Cantu suit was "purely a probate
action to establish heirship" and "the real property issue" was not before the court. Id.
at 552. In that circumstance, the San Antonio court weighed the "state's interest in
protecting clear title and preserving the effective administration of estates" and applied the
four-year statute of limitations from the date of the 1987 amendment to section 42, which
allowed such persons to petition the court for heirship. Id. at 552-53. 

 The nature and the purpose of the suits in Cantu and York appear to be the
distinguishing factors between the two cases. Like York, the instant case involves an
attempt by Leonard Jeter, an heir, to recover certain real property that he inherited as a
matter of law from his father. By its own terms, the residual four-year statute of
limitations does not apply. That does not mean, however, and the York court did not hold,
that other limitations statutes do not apply. In York, the court also looked to the limitations
provisions of the adverse possession statutes. York, 872 S.W.2d at 15. Here, although
the McGraws' answer sets forth the adverse possession statutes as barring Jeter's claim,
those statutes were not the basis for their motion for summary judgment or their response
to Jeter's motion for summary judgment, and, therefore, are not before this court. We
sustain issue one.

 In his second issue, Jeter contends it was error for the trial court to determine he
did not own a 50% undivided interest in the property on a statute of limitations ground;
but the trial court could not have granted the McGraws' motion for summary judgment 
on that basis, because the affirmative defense was not urged in the motion. (4) A summary
judgment may not be granted on grounds not raised by the movant in his motion. See
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339-41 (Tex. 1993). We have held herein that the trial court erred in granting the McGraws' motion for
summary judgment. We do not, however, grant Jeter's motion for summary judgment;
the two issues he raises on appeal do not give us grounds to do so. Moreover, a summary
judgment in favor of Jeter would not encompass all the claims in this case; Jeter pleaded
a partition cause of action in his petition, but did not request summary judgment on it. 
Finally, although not raised by the parties, there appears to be variance in the deed
description between plaintiff's pleadings and the deed for the 14 acres. Rather than
rendering a partial summary judgment on what appears to be an incomplete development
of the facts concerning the adverse possession statutes, and in the interest of justice to
allow the parties an opportunity to refine their pleadings and address the issues set forth
in this opinion, we remand this case to the trial court for further proceedings consistent
with this opinion. See Tex. R. App. P. 43.3(b).

 REVERSED AND REMANDED. 

 __________________________________

 DAVID B. GAULTNEY 
 Justice


Submitted on January 8, 2002

Opinion Delivered May 30, 2002

Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.





1. John Farr and Artie Farr Brooks filed an answer. Though the heirs of Willie Mack
Farr were served by publication, they did not answer. 
2. Article 2581 was repealed by Act of March 17, 1955, 54th Leg., R.S., ch. 55, §
434, 1955 Tex. Gen. Laws 214. In that same Act, the legislature enacted section 42 of the
Probate Code which accorded paternal inheritance rights to a child born out of wedlock
only if the parents married after the child's birth. See Act of March 17, 1955, 54th Leg.,
R.S., ch. 55, § 42, 1955 Tex. Gen. Laws 102. 
3. Section 42 of the Texas Probate Code has been amended through the years to
provide various methods, as set out below, by which a child born outside wedlock may
inherit from his or her father:

 1. There is a presumption of paternity under sections 160.20(1b) and 160.204 of
the Texas Family Code. 

 2. The child is adjudicated to be a child of the father by court decree, as provided
for by Chapter 160 of the Texas Family Code. 

 3. The child was adopted by the father. 

 4. The father executed an acknowledgment of paternity, as provided for by Section
160.301 of the Texas Family Code. 

 5. The child may petition the probate court for a determination of right of
inheritance and the probate court finds by clear and convincing evidence that the purported
father was the biological father of the child. 


See Tex. Prob. Code Ann. § 42(b) (Vernon Supp. 2002).

4. The McGraws pleaded the four-year limitations defense for the first time in their
response to Jeter's motion for summary judgment.