IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0528
════════════
 
The John G. and Marie Stella 
Kenedy Memorial Foundation, 
Petitioner,
 
v.
 
Ann M. Fernandez, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued December 
15, 2009
 
 
 
            
Justice Green delivered the 
opinion of the Court.
            

            
Justice O’Neill and Justice Guzman did not participate in 
the decision.
 
 
            
In this case, as in Frost National Bank v. Fernandez, ___ S.W.3d ___ 
(Tex. 2010), we hold that Ann M. Fernandez’s pleadings, taken as true, were 
sufficient for the district court to establish Fernandez’s standing in a bill of 
review proceeding asserting inheritance rights relating to the estate of John G. 
Kenedy, Jr.’s sister. The 
district court’s jurisdiction over Fernandez’s heirship claims is exclusive when those claims constitute a 
direct attack on an earlier district court judgment, the estate has been closed 
for decades, and the decedent did not die intestate. Id. at ___ (discussing Texas Probate Code sections 5, 
5A, and 48). We therefore reverse the court of appeals’ judgment in part. 
However, because the discovery rule does not apply to inheritance or heirship claims by non-marital children, see id. 
at ___, and Fernandez’s claims were barred by the 
applicable statute of limitations, we render judgment reinstating the district 
court’s judgment that Fernandez take nothing. In light of today’s ruling, we 
conclude that none of Fernandez’s claims for heirship 
or inheritance rights to the Kenedy estate remain 
viable, so we affirm the part of the court of appeals’ judgment that reversed 
the district court’s anti-suit injunction.
            
We set out the facts in detail in Frost National Bank, ___ S.W.3d at ___. 
This appeal arises from Fernandez’s bill of review proceeding in the 105th 
District Court of Nueces County seeking to assert inheritance rights to the 
estate of Kenedy’s sister, Sarita Kenedy East. East’s 1960 
will left most of her estate to The John G. and Marie 
Stella Kenedy Memorial Foundation and contained a 
residual clause under which the Foundation was the only beneficiary. In her bill 
of review proceeding, Fernandez seeks to set aside a June 26, 1975 judgment 
probating East’s will. See Trevino v. Turcotte, 564 S.W.2d 682, 690 (affirming district 
court’s 1975 judgment dismissing certain individuals from a suit contesting 
East’s 1960 will). By 1987, East’s property had been 
finally distributed and the estate closed. Fernandez now asserts that she is 
Kenedy’s non-marital child and, therefore, East’s 
niece. She claims she was a necessary party and should have been notified of a 
suit contesting East’s will (the Trevino will 
contest) and made a party to the resulting settlement agreement, she seeks to 
set aside the 1975 judgment and East’s 1960 will, and she seeks an accounting 
and distribution from the Foundation.
            
The district court granted summary judgment in favor of the Foundation and 
issued an anti-suit injunction preventing Fernandez from taking any action in 
any court inconsistent with its judgments, including any attempt to repoen East’s estate, establish a right to inherit from 
East’s estate, set aside East’s will, or recover an interest in property 
distributed from East’s estate to the Foundation. The court of appeals reversed, 
holding that the probate court had dominant jurisdiction over the question of 
Fernandez’s heirship, the resolution of which it held 
necessary to determine Fernandez’s standing to pursue the Trevino bill of 
review. Fernandez v. The John G. & Marie 
Stella Kenedy Mem’l 
Found., ___ S.W.3d ___, ___ (Tex. App.—Corpus Christi 2008, pet. granted) 
(mem. op.). Consequently, the court of appeals 
remanded the case for the district court’s abatement. Id. at ___. The court of appeals also reversed the 
anti-suit injunction and rendered judgment against the Foundation on its request 
for injunctive relief. Id. at ___.
            
In Frost National Bank, we held that the district court had jurisdiction 
to render summary judgment in Fernandez’s Humble Oil bill of review 
proceeding involving Kenedy’s estate. ___ S.W.3d at ___. We first held that Fernandez’s 
pleadings—in which she alleged that she is Kenedy’s 
non-marital child—taken as true, were sufficient to establish Fernandez’s 
standing. Id. at ___. This case is no different. 
In the Trevino bill of review, Fernandez pled that she is Kenedy’s non-marital child, the Foundation asked the 
district court to assume paternity for purposes of its summary judgment motion, 
and Fernandez did not object to that request. We therefore conclude, as we did 
in Frost National Bank, that Fernandez’s pleadings conferred standing. 
See id. at ___.
 
            
We next held in Frost National Bank that because Fernandez’s claims were 
a direct attack on an earlier district court judgment, the district court had 
exclusive jurisdiction to determine Fernandez’s standing, including resolving 
Fernandez’s heirship claims. Id. 
at ___. The Texas Probate Code does not vest the probate court with 
jurisdiction when there was no open or pending estate to which an heirship proceeding would be incident, and when the decedent 
left a will that disposed of all her property and the estate was fully 
administered and closed decades ago pursuant to a district court judgment. Id. at ___ (discussing sections 5, 5A, and 48 of the Texas 
Probate Code). Again, we see no reason to depart from that conclusion in 
this case. The 1975 judgment ordered that East’s 1960 will and second codicil 
“not be set aside” and “upheld and confirmed” those instruments as East’s last 
will and testament. The parties do not dispute that East’s 1960 will and second 
codicil disposed of all her property or that the estate was fully administered 
and closed decades ago. Because there was no open or pending estate and, with 
that 1975 judgment in effect, no possibility of intestacy, the district court 
had exclusive jurisdiction over Fernandez’s inheritance claims relating to 
East’s estate, including Fernandez’s heirship claims. 
Accordingly, we reverse the part of the court of appeals’ judgment that remanded 
the case to the district court for abatement.
 
            
The discovery rule does not apply to bills of review in which non-marital 
children seek to set aside probate judgments. Id. at 
___. When an heirship claim is brought after an 
administration of the decedent’s estate or a conveyance of the 
decedent’s property to a third party, courts have applied the four-year 
residual limitations period of Texas Civil Practice and Remedies Code section 
16.051. See, e.g., Cantu v. Sapenter, 
937 S.W.2d 550, 552 (Tex. App.—San Antonio 1996, writ denied); Smith v. 
Little, 903 S.W.2d 780, 787–88 (Tex. App.—Dallas 1995), rev’d in part on other grounds, 943 S.W.2d 414 
(Tex. 1997). Under any conceivable accrual date, the four-year statute of 
limitations ran well before Fernandez first asserted claims to the East estate. 
Fernandez conceded that, absent application of the discovery rule, her claims 
are time-barred. Because the four-year residual limitations period expired long 
before Fernandez filed her bills of review, we reinstate the district court’s 
summary judgment. See Placencio v. Allied Indus. 
Int’l, Inc., 724 S.W.2d 20, 22 (Tex. 1987) (recognizing that, to avoid 
unnecessary delay, we may consider issues of law rather than remanding them to 
the court of appeals); Malooly Bros., Inc. 
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (recognizing that we can affirm a 
trial court’s judgment on a single valid ground); Tex. R. App. P. 60.2(c) (“The Supreme Court may . . . 
reverse the lower court’s judgment in whole or in part and render the judgment 
that the lower court should have rendered.”).
            
In Frost National Bank, we affirmed the portion of the court of appeals’ 
judgment that reversed the anti-suit injunction. Id. at 
___. Here, because we do not foresee a continuing threat of Fernandez 
resuming this litigation in other courts, we likewise affirm the portion of the 
judgment relating to the anti-suit injunction and denial of the Foundation’s 
request for injunctive relief. See Univ. of Tex. v. Morris, 344 S.W.2d 
426, 429 (Tex. 1961) (recognizing that this Court is not constrained to the 
trial court record at the time an injunction was issued when events subsequent 
to the issuance of an anti-suit injunction “render the cause for injunctive 
relief entirely moot or academic”); see also See Gannon v. Payne, 706 
S.W.2d 304, 307 (Tex. 1986) (“The circumstances of each situation must be 
carefully examined to determine whether the [anti-suit] injunction is required 
to prevent an irreparable miscarriage of justice.”).
            
For the reasons expressed above and in Frost National Bank 
v. Fernandez, id. at ___, we reverse the portions of the court 
of appeals’ judgment that relate to jurisdiction and abatement, render judgment 
reinstating the district court’s summary judgment that Fernandez take nothing, 
and affirm the portion of the court of appeals’ judgment that relates to the 
anti-suit injunction.
 
 
                                                                                    
_________________________
                                                                                    
Paul W. Green
                                                                                    
Justice
 
 
OPINION DELIVERED: April 16, 
2010