

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00968-CV

**IN THE ESTATE OF** Patricia M. **RIPLEY**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2018-PC-1990
Honorable Tom Rickhoff, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed: September 4, 2019

AFFIRMED

John Ripley appeals the probate court's judgment declaring himself and his two siblings Robert Ripley and Mary Guzman to be the heirs of their mother Patricia M. Ripley, deceased. The sole issue presented on appeal is whether the probate court erred in denying John's "Motion for Directed Verdict on the affirmative defenses of limitations, laches, waiver, and estoppel." We affirm the trial court's judgment.

## BACKGROUND

Patricia died intestate on February 26, 2008. On June 4, 2018, Robert and Mary filed an application to determine heirship. The application stated there had been no administration of Patricia's estate and sought to have John, Robert, and Mary declared to be Patricia's heirs.

On August 31, 2018, John filed amended special exceptions asserting the application was barred by limitations. Robert and Mary filed a response asserting no express limitations period exists for bringing an heirship action. On October 26, 2018, the probate court signed an order denying John's amended special exceptions.

On November 19, 2018, Robert and Mary filed a motion for leave to present alternate evidence of heirship. Specifically, they sought leave to present an expert report from a forensic genealogist in lieu of the testimony of two disinterested witnesses because locating peers of Patricia who could testify was exceedingly difficult given that they would be approximately one hundred years old if they were still alive. On December 7, 2018, the probate court signed an order granting Robert's and Mary's motion.

On December 10, 2018, the probate court held a bench trial on the application. Robert and Mary presented the forensic genealogist's affidavit as evidence that Robert, Mary, and John were Patricia's sole heirs. John then moved for a "directed verdict" on the basis that the application was barred by the residual four-year limitations period. At the conclusion of the bench trial, the probate court signed the judgment declaring John, Robert, and Mary to be Patricia's heirs. John appeals.

## STANDARD OF REVIEW

"[T]he proper motion to make after the plaintiff rests in a bench trial is a motion for judgment," as opposed to a motion for directed verdict. *Bledsoe Dodge, L.L.C. v. Kuberski*, 279 S.W.3d 839, 841 (Tex. App.—Dallas 2009, no pet.); *see also Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 422 n.4 (Tex. 1993) ("Technically, the use of the term 'directed verdict' in a bench trial is incorrect because there is no jury to direct. In this situation, the correct procedure is for the defendant, at the close of the plaintiff's evidence, to make a 'motion for judgment.'"). Accordingly, we construe John's motion as a motion for judgment. *See Bledsoe Dodge, L.L.C.*, 279 S.W.3d at 841. A trial court errs in denying a defendant's motion for judgment if the evidence

conclusively establishes a defense to the plaintiff's claim. *Clifford v. McCall-Gruesen*, No. 02-13-00105-CV, 2014 WL 5409085, at *3 (Tex. App.—Fort Worth Oct. 23, 2014, no pet.) (mem. op.); *see also Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000) (noting directed verdict for a defendant is proper if "the evidence conclusively establishes a defense to the plaintiff's cause of action").

### ISSUES PRESENTED

In reviewing a motion for judgment, just like a motion for directed verdict, we are limited to the grounds stated in the motion. *See Batra v. Clark*, 110 S.W.3d 126, 128 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Cooper v. Lyon Fin. Servs., Inc.*, 65 S.W.3d 197, 207 (Tex. App.—Houston [14th Dist.] 2001, no pet.). During the bench trial, the only defense asserted in John's verbal motion for judgment was the defense of limitations. Accordingly, we limit our review of John's issue to his limitations defense, and we do not consider the arguments raised in John's brief regarding the affirmative defenses of laches, waiver, and estoppel, which were not asserted in John's motion for judgment. *See Batra*, 110 S.W.3d at 128; *Cooper*, 65 S.W.3d at 207.

### DISCUSSION

In his brief, John asserts the outcome of this appeal is controlled by a prior decision of this court in *Cantu v. Sapenter*, 937 S.W.2d 550 (Tex. App.—San Antonio 1996, writ denied). John further contends this court's decision in *Cantu* held the four-year residual statute of limitations set forth in section 16.051 of the Texas Civil Practice and Remedies Code applies to heirship proceedings. In their brief, Robert and Mary respond there has never been an express limitations period for bringing an heirship action and assert this court limited its holding in *Cantu* to "cases involving similar circumstances." 937 S.W.2d at 553 n.1.

We believe the outcome of this appeal is controlled by the Texas Supreme Court's decision in *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494 (Tex. 2010). In *Fernandez*, Ann M. Fernandez,

"[b]elieving herself to be the non-marital child of John G. Kenedy, Jr.," "initiated multiple proceedings in both district court and statutory probate court to set aside decades-old judgments and reopen the estates of Kenedy, his wife, and his sister, and to declare Fernandez an heir to those estates." 315 S.W.3d at 496. Kenedy died in 1948, his will was probated, and his "estate was distributed, taxed, and closed in 1952." *Id*. at 497. Kenedy's sister, Sarita Kenedy East, died in 1961, her will was probated, and, after extensive litigation, her estate was closed in 1987. *Id*. at 497-98. Kenedy's wife died in 1984, her will was probated, and her estate was closed in 1987. *Id*. at 498. Fernandez filed her first lawsuit in October of 2001 and, as previously noted, continued to file multiple additional proceedings culminating in the appeal to the Texas Supreme Court. *Id*. at 498-502.

One of the issues considered by the Texas Supreme Court was whether Fernandez's claims were barred by limitations. *Id*. at 508. Citing this court's decision in *Cantu*, the court held:

> When an heirship claim is brought after an administration of the decedent's estate or a conveyance of the decedent's property to a third party, courts have applied the four-year residual limitations period of Texas Civil Practice and Remedies Code section 16.051. *See, e.g., Cantu v. Sapenter*, 937 S.W.2d 550, 552 (Tex. App.—San Antonio 1996, writ denied); *Smith v. Little*, 903 S.W.2d 780, 787–88 (Tex. App.—Dallas 1995), *rev'd in part on other grounds*, 943 S.W.2d 414 (Tex. 1997).

*Id*. at 509. Thus, the court recognized that in *Cantu*, the deceased's surviving widow conveyed a tract of land previously owned by her husband to third parties in 1986, which was seven years before the heirship action was filed. *See Cantu*, 937 S.W.2d at 551-52. Similarly, the court recognized that in *Smith*, the decedent's will was probated and her estate was closed in 1983, which was eight years before the heirship action was filed. *See Smith*, 903 S.W.2d at 783-84. Therefore, *Fernandez* limited the application of the residual four-year limitations period to heirship proceedings in which evidence established either: (1) a prior administration of the decedent's estate; or (2) a prior conveyance of the decedent's property to a third party. *Fernandez*, 315

S.W.3d at 509. Because there was a prior administration of the estates of Kenedy, his wife, and his sister, the court held "the four-year statute of limitations ran well before Fernandez first asserted claims to the Kenedy and East estates."[1] *Id*.

In summary, we read *Fernandez* as holding no limitations period applies to heirship proceedings absent the existence of a prior administration of the decedent's estate or a prior conveyance of the decedent's property to a third party. *See id*.; *see also Turner v. Nesby*, 848 S.W.2d 872, 877 & n.2 (Tex. App.—Austin 1993, no writ) (noting if 1983 judgment determining heirship and distributing decedent's estate had not been entered, applicant "may have been entitled to petition the probate court in 1991 for a determination of heirship" but not deciding "whether any limitations period applies to a requested heirship determination when no intervening judgment distributing the estate has been rendered"); 17 M. K. Woodward and Ernest E. Smith, III, *Texas Practice Series: Probate and Decedents' Estates* § 201 (1st ed. 1971) ("Often no need for administration or other court action will arise until the heirs of the decedent attempt to sell real property, and this may, and often does, occur more than four years from the date of death so that an administration cannot be had. Prior to 1907, title examiners had no alternative but to rely on recorded affidavits of heirship, or on recitals in deeds or other recorded instruments. Since that date, however, a special statutory proceeding has existed by which a judicial determination of the distributees may be had, irrespective of the length of time that has transpired after the decedent's death.").[2] Because no evidence was admitted during the bench trial in the instant case establishing

---

[1] The *Fernandez* opinion also analyzed the applicability of the discovery rule which is not relevant to the analysis of the issue presented in this appeal.

[2] We note the Texas Probate Code was repealed and recodified in the Texas Estates Code effective January 1, 2014. *See In re Balazs*, No. 04-13-00838-CV, 2014 WL 667602, at *2 n.2 (Tex. App.—San Antonio Feb. 19, 2014, orig. proceeding) (mem. op.). We further note section 202.0025 in the Texas Estates Code, which applies to the estate of a decedent who dies on or after January 1, 2014, provides, "Notwithstanding Section 16.051, Civil Practice and Remedies Code, a proceeding to declare heirship of a decedent may be brought at any time after the decedent's death." TEX. EST. CODE ANN. § 202.0025. In the enacting legislation, the Texas Legislature stated section 202.0025 "is intended to clarify current law in regard to the commencement of proceedings to declare heirship, and an inference

either a prior administration of Patricia's estate or a prior conveyance of her property to a third party,[3] we hold the probate court did not err in denying John's motion for judgment.

**CONCLUSION**

The probate court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

may not be made regarding the statute of limitations for a proceeding to declare heirship filed before the effective date [Jan. 1, 2014] of this Act." Act of Jan. 1, 2014, 83rd Leg., R.S., ch. 1136, § 62(g), 2013 Tex. Gen. Laws 2737, 2754.

[3] In his brief, John refers to documents attached to his Bench Brief in Support of Anticipated Motion for Directed Verdict; however, those documents were not admitted as evidence at the bench trial. *Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 725 (Tex. App.—San Antonio 2004, no pet.) (noting "instruments attached to pleadings are not evidence unless they are introduced as such at trial. Simply attaching a document to a pleading neither makes the document admissible as evidence, dispenses with proper foundational evidentiary requirements, or relieves a litigant of complying with other admissibility requirements."). We also note property owned by a corporation is a corporate asset and is not owned by the corporation's shareholders. *Mathis v. Mathis*, No. 01-17-00449-CV, 2018 WL 6613864, at *4 (Tex. App.—Houston [1st Dist.] Dec. 18, 2018, no pet.) (mem. op.); *Gator Licensing, LLC v. Mack*, No. 04-10-00610-CV, 2011 WL 3502013, at *3 (Tex. App.—San Antonio Aug. 10, 2011, no pet.) (mem. op.).