charge given at appellant's request and heretofore adverted to.

 Appellant also requested the court to instruct the jury that if at the time of the commission of the alleged offense: "* * * defendant was in such condition of mind from the recent use of intoxicating liquor that he, defendant, did not realize and know the nature of his conduct, that then you may take into consideration such condition, if any, in connection with all facts and circumstances in evidence before you in determining, if it does, whether the defendant, at the time intended to commit the offense submitted in the charge of the court in this cause." The requested charge did not embody a correct proposition of law and was properly refused. Clinton v. State, 132 Tex.Cr.R. 303, 104 S.W.2d 39, and cases therein cited; Kelley v. State, 133 Tex.Cr.R. 460, 112 S.W.2d 470; Fernandez v. State, 135 Tex. Cr.R. 12, 116 S.W.2d 1067. The evidence does not raise the issue of temporary insanity from the recent use of intoxicating liquor on the question of mitigation of punishment. Art. 36, P.C. (1925); Cruse v. State, 125 Tex.Cr.R. 123, 66 S.W.2d 324.

Appellant sought to have the court give a special charge which would have told the jury that if prosecutrix failed to make outcry or call for aid, or to report the offense to her sister, or others, after she had opportunity to do so, the jury could consider such failure, if any, as tending to discredit her testimony, if it did, and the weight to be given her testimony. It occurs to us that such an instruction would have been on the weight of the testimony and was properly refused. Thomas v. State, Tex.Cr.App., 70 S.W. 93; Ramsey v. State, Tex.Cr.App., 63 S.W. 875. Prosecutrix was only thirteen years old when this offense was committed. She was afflicted, not able to walk without assistance. She did report the matter to her mother immediately upon her return home, and evidently had told her sister enough to make the latter know appellant had been guilty of some improper conduct towards prosecutrix. The little girl testified that when appellant left he told her not to tell her mother if she (prosecutrix) knew what was good for her. We mention these matters as throwing light on the reason why the court should not single out particular things and instruct as here requested.

Another special charge requested sought to tell the jury that if prosecutrix had been told that the former conviction had been reversed because of her testimony on that trial, and that because of such information she had changed her testimony, to find appellant not guilty. (1) Manifestly such an instruction would have been on the weight of the evidence. (2) Furthermore, we find no support for such instruction in the record. Prosecutrix was asked if she had not been told why the former conviction was reversed and replied that she had not. We discover no evidence to the contrary. (3) The requested instruction did not contain a correct proposition of law.

We have disposed of all questions properly presented save appellant's contention that the evidence is not sufficient to support the conviction. This contention is based largely on the evidence given by prosecutrix on the former trial and before the grand jury which on the former appeal in our judgment rendered the issue of penetration by appellant's privates uncertain. We have with great pains examined the present record on that point, and are convinced that the evidence now before us leaves no room for doubt as to appellant's guilt.

The judgment is affirmed.

**MURPHEY et al. v. MURPHEY et al.**
No. 2156.

Court of Civil Appeals of Texas. Waco.
July 13, 1939.

H. B. Green and Bishop & Parsons, all of Athens, for appellants.

Richard & A. P. Mays, of Corsicana, for appellees.

ALEXANDER, Justice.

This is an appeal from an order of the trial court appointing a receiver to take charge of and preserve certain real and personal property belonging to the estate

of Thomas Murphey, deceased, and others. Thomas Murphey was married twice. He and his first wife, Johnnie Murphey, had five children, who are the plaintiffs herein. Johnnie Murphey died intestate in the year 1921. At the time of her death she and her husband owned community property consisting of 636½ acres of farm land, several small tracts of land, some personal property and cash on hand. Thomas Murphey married Laura Murphey in 1923, and died intestate in 1937, leaving his widow and one child by her. Mrs. Laura Murphey qualified as administratrix of the estate of her deceased husband. Plaintiffs sued Mrs. Laura Murphey individually and as administratrix of the estate of Thomas Murphey and her minor child, Laura Lyn Murphey, for partition of the 636½ acres of land and other property belonging to the community estate of the said Thomas Murphey and his first wife, Johnnie Murphey, as well as the separate estate of the said Thomas Murphey, and the° community estate of the said Thomas Murphey and his last wife, Laura Murphey, and, in addition to the above facts, alleged in substance that the said Thomas Murphey had used certain money and other personal property belonging to the community estate of his first marriage and had applied same to the use and benefit of his separate estate and the community estate° of his last marriage, and as a consequence his separate estate and the community estate of his last marriage were indebted to plaintiffs for one-half thereof. They further alleged that they had presented their claim to the administratrix and same had been disallowed. They further alleged that the said Mrs. Laura Murphey individually and as administratrix of the estate of Thomas Murphey, deceased, had taken charge of the said estate, including the 636½ acres of land belonging to the community estate of the first marriage, and was cutting the wood from the land and selling same and was using and converting to her own separate use the proceeds from the farm, wholly without any order of the probate court or any other authority authorizing her to do so. They prayed for judgment against the estate of Thomas Murphey, deceased, and the community estate of his last marriage for their share of the money and other personal property belonging to the community estate of the first marriage which had been so appropriated by the said Thomas Murphey, and for a lien against his estate to secure payment of the same, for partition of the property jointly owned by plaintiffs and defendants, and for the appointment of a receiver to take charge of all of said property and preserve and manage same pending final disposition of the case. Upon a hearing on the application for the appointment of a receiver in a trial before the court, the evidence substantially supported plaintiffs' allegations. The trial court entered its order appointing a receiver as prayed and the defendants appealed.

█ Appellants contend in effect that since the estate of Thomas Murphey, deceased, was being administered through the probate court and by reason thereof that court had possession of and jurisdiction over the property belonging to said estate, the district court was without jurisdiction to appoint a receiver to take charge of said property. From the facts previously recited, it is apparent that plaintiffs, as heirs of Mrs. Johnnie Murphey, deceased, inherited an undivided one-half interest in the 636½ acre tract of land as well as the other property owned by the community estate of Thomas Murphey and his wife, Johnnie Murphey. The probate court was attempting to administer on the estate of Thomas Murphey, deceased, and for that purpose had jurisdiction over his estate, but the court was not undertaking to administer on the estate of the first wife, Johnnie Murphey, and for that reason did not have jurisdiction over the property inherited by the plaintiffs from the said Johnnie Murphey. The suit brought by the plaintiffs was, among other things, for the purpose of having their undivided interest in the land and other property so inherited by them through Johnnie Murphey, deceased, segregated from the interest therein belonging to Thomas Murphey. The district court and not the probate court had jurisdiction to entertain such partition suit. 32 Tex.Jur. 179; Cyphers v. Birdwell, Tex.Civ.App., 32 S.W.2d 937. If Mrs. Laura Murphey, individually or as administratrix of the estate of Thomas Murphey, deceased, was in possession of the community property of the first marriage to the exclusion of the plaintiffs, as joint owners thereof, and was misusing the property or converting or otherwise misappropriating the revenues thereof, the plaintiffs were entitled to have a receiver appointed to take charge of such property of the first marriage and hold same for the benefit of all the joint owners. R.S. art. 2293, par. 1; 36

Tex.Jur. 34-43. There are other equities involved in the suit that could not be adjudicated in the probate court. Under these circumstances, the district court was the proper tribunal to appoint the receiver. 13 Tex.Jur. 608; Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, par. 13, 196 S.W. 501. The evidence was sufficient to support the trial court's implied finding that Mrs. Laura Murphey was in possession of the community property of the first marriage to the exclusion of the other joint owners; that she was cutting and selling the wood therefrom, grazing her cattle thereon, and appropriating the rents and revenues from the farm to her own personal use. Under these circumstances, the trial court was fully authorized to appoint a receiver to take charge of said property.

 Appellants suggest that the family homestead was on the 636½ acre tract of land at the time of the death of the said Thomas Murphey, and as a consequence they are entitled to continue to occupy the same property as their homestead and that appellees have no right to have such property placed in the hands of a receiver. The record shows that prior to the institution of this suit the appellant, Mrs. Laura Murphey, had applied to the probate court to have a part of said tract of land set aside to her as a homestead, but the application had not been acted on at the time of the trial. The evidence shows that the property was occupied by Thomas Murphey and wife at the time of his death. At the time of the trial Mrs. Murphey was residing temporarily in the city of Athens but claimed the farm as her home. The question of homestead does not appear to have been made an issue in the case and we cannot say that the evidence conclusively established Mrs. Murphey's right thereto. However, this is not material, for conceding that the property was the family homestead at the time of the death of the husband and that appellants, as the surviving constituent members of the family, are entitled to such homestead rights therein as the title to the land will permit, we do not think such rights can be permitted to interfere with the receivership proceedings herein. Very clearly, this tract of land was the community property of the first marriage. Upon the death of the first wife an undivided one-half interest in the land passed to the plaintiffs as the heirs of the first wife. Thomas Murphey, the

surviving husband, and his second wife were entitled to continue to occupy the homestead to the exclusion of all others so long as he lived, but upon his death his surviving widow's right of use and occupancy was limited to the descendant Thomas Murphey's interest in the property, and was subject to the interest inherited by the children of the first marriage and their right to demand a partition thereof. 22 Tex.Jur. 351; Gilliam v. Null, 58 Tex. 298; Pressley's Heirs v. Robinson, 57 Tex. 453; Crocker v. Crocker, 19 Tex.Civ.App. 296, 46 S.W. 870; Clements v. Maury, 50 Tex.Civ.App. 158, 110 S.W. 185; Richmond v. Sims, Tex. Civ.App., 144 S.W. 1142; Cox v. Oliver, 43 Tex.Civ.App. 110, 95 S.W. 596. In other words, upon the death of Thomas Murphey, his surviving widow, who was his second wife, was entitled to a homestead in only an undivided one-half interest in the property, and the children of the first marriage were entitled to demand partition of the tract. Necessarily, the widow's homestead could not be set aside to her until it was ascertained which portion of the tract belonged to the children of the first marriage and which portion belonged to the estate of the deceased husband. So long as the land was owned jointly, all the co-owners had a legal right to occupy it, but no one of them had a right to occupy it to the exclusion of the others. As above stated, if Mrs. Laura Murphey was occupying the entire tract to the exclusion of the children of the first marriage and was cutting and selling the timber therefrom and otherwise wasting the property as impliedly found by the trial court, under the provisions of Revised Statutes, art. 2293, the children of the first marriage, as joint owners of the property, were entitled to have the land placed in the hands of a disinterested receiver to be held and preserved for the benefit of all the joint owners pending a trial of the partition suit. See authorities above cited.

 We are of the opinion, however, that the order of the trial court appointing a receiver is too broad. The court appointed a receiver "over all of the properties and assets, whether real, personal or mixed, of Thomas Murphey, deceased, whether owned by the said Thomas Murphey as his separate property, or as the community property of him, the said Thomas Murphey, deceased, and his surviving wife, Laura Murphey, which said

estates are more particularly described in the inventory and appraisement of said estates, filed in the probate court of Navarro County, Texas," and authorized him to take possession of the property, enter into contracts to lease the land, collect the rents, sell the livestock, pay the indebtedness against the estate, etc. Apparently, the only property now on hand which belonged to the community estate of the first marriage was the 636½ acre tract of land above referred to, two lots in the city of Athens and 25 shares of Amicable Life Insurance Company stock. All other property now on hand apparently belongs to the separate estate of Thomas Murphey, deceased, or the community estate of his last marriage. Thomas Murphey's estate was being administered through the probate court, and Mrs. Laura Murphey was the duly appointed administratrix thereof. The statutory period of one year from the date of the granting of administration had not expired at the time of the trial and hence the estate being administered through the probate court was not ready to be closed. R.S. art. 3509. Jurisdiction to administer on the estates of deceased persons is conferred by our Constitution on the probate court. Constitution, Art. 5, § 16, Vernon's Ann.St.; 13 Tex.Jur. 599, and since the probate court first acquired jurisdiction of the estate of Thomas Murphey, deceased, that court and not the district court had authority to administer on said estate. It is true that where rights are involved that cannot be adjusted through the probate court as in this case, where the interests of the estate must be segregated from the interests of the heirs of the first marriage—a matter over which the probate court would not have jurisdiction—the district court may intervene for the purpose of settling such matters, but after such matters have been determined and settled the probate court must be left to administer on the estate of the deceased. For this purpose the judgment of the district court in matters pertaining purely to the administration of the estate should be certified to the probate court for observance. 13 Tex.Jur. 606, 608; Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 196 S.W. 501. The probate court will likewise have jurisdiction to partition the estate of Thomas Murphey, deceased, after it has been segregated from the estate of his first wife and after due administration in that court. 14 Tex.Jur. 535. For this reason, we think the trial court exceeded its authority in authorizing the receiver to take charge of the estate of Thomas Murphey, deceased, and the community estate of his last marriage and to sell the property, pay the debts and otherwise administer on the same independent of the probate court. If Mrs. Murphey is wasting the estate of which she is administratrix, as alleged by appellees, the probate court has authority to remove her for misconduct in office, 13 Tex.Jur. 707, and her bond as such administratrix will furnish ample protection to the heirs and creditors of her estate for any improper devastation of the estate.

The judgment of the trial court will be reversed and remanded with instructions to the trial court to limit the receivership proceedings to the property belonging to the community estate of the first marriage as above referred to. If the court should find that Mrs. Murphey is entitled to a homestead in a portion of the 636½ acre tract and that the rights of the plaintiffs will not be materially injured by allowing her to use and occupy same pending a trial on the merits, the court may allow her to occupy the equivalent of a statutory homestead therein pending trial on the merits. In such event, in the final accounting and distribution of rents collected by the receiver from the balance of the land, Mrs. Murphey should be required to account for the value of the use of the portion so occupied by her.