Jimmie MALONE and Doreenie Lewis, as next friend of Vairlee Mock Lewis, Appellants,

v.

Carol Jean THOMAS, Administratrix of the Estate of Jim Ed Brooks, Jr., Deceased, Appellee.

No. 01–98–01427–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 18, 2000.

Haroldeen Hartsfield, Isaac E. Henderson, James F. Tyson, Houston, for appellant.

Jerry D. Conner, Houston, for appellee.

Panel consists of Justices O'CONNOR, WILSON and ANDELL.

## OPINION

ERIC ANDELL, Justice.

Jim Ed Brooks, Jr. died in 1996. Since then, several individuals have claimed to be his heirs. A probate court judge signed a judgment declaring Travis Tremaine Thomas to be the sole heir to the decedent's estate. Jimmie Malone, the sister of Jim Brooks, Jr., appeals that judgment, claiming the probate court made its decision based on an order of paternity that she argues was void as a matter of law. We affirm.

## FACTS

Jim Brooks, Jr. died intestate on December 22, 1996, in Harris County, Texas. He was survived by several brothers and sisters, including the appellant, Jimmie Malone.[1] Carol Jean Thomas filed an Application for Administration and was appointed Administratrix of the Estate of Jim Brooks, Jr.. Three individuals sought to be declared the biological children and the sole heirs of Jim Brooks, Jr.: Yolanda Kemp, Vairlee Lewis and Travis Termaine Thomas. Appellant contested all three heirship applications. The probate court

signed a Judgment Declaring Heirship pronouncing Thomas to be the child of Jim Brooks and sole heir to the decedent's estate.

## DISCUSSION

Appellant argues in one point of error the trial court abused its discretion in determining Thomas was the sole heir of Jim Brooks, Jr. because an order of paternity rendered by the 312th district court was void as a matter of law. Appellant claims the trial court simply failed to apply the law properly.

▬ In the proceeding to determine the legal heirs of Jim Brooks, Jr., the inheritance rights of his alleged children were governed by TEX. PROB.CODE ANN. § 42(b) (Vernon Supp.2000). This statute provides the exclusive means by which an illegitimate child may be legitimized and inherit from his or her father. *Mills v. Edwards*, 665 S.W.2d 153, 154–55 (Tex. App.-Houston [1st Dist.] 1983, no writ). An illegitimate child can inherit from his or her father by complying with one or more of the methods provided by section 42(b). The methods by which an illegitimate child may inherit are:

1. a presumption of paternity under section 151.002, Family Code;

2. the child is adjudicated to be the child of the father by court decree as provided by Chapter 160, Family Code;

3. the child was adopted by the father;

4. the father executed a statement of paternity as provided by section 160.202, Family Code;

5. the child may petition the probate court for a determination of right of inheritance and the probate court finds by clear and convincing evidence that the purported father was the biological father of the child.

---

1. Two individuals filed separate notices of appeal, Doreenie Lewis as next friend of Vair-

lee Mock Lewis, and Jimmie Malone. Only Jimmie Malone filed a brief.

■ Appellant challenges the trial court's reliance on a court order of paternity which determined Thomas to be the child of Jim Brooks, Jr.. We need not reach the issue of the validity of that court decree. Even if the trial court relied on that court decree, the judgment of the trial court may be upheld on other legal theories raised by the evidence.

The record shows Jim Brooks, Jr. consented to be named and was named as the father on the child's birth certificate. This qualifies under the presumption of paternity of TEX. FAM.CODE ANN. § 151.002 (Vernon 1996). Thus, Thomas qualifies under the first method providing for paternal inheritance in section 42(b) of the Probate Code.

The record also shows Jim Brooks, Jr. executed a statement of paternity in 1992. His statement complied with then applicable section 13.22 of the Family Code.[2] Thus, Thomas qualifies under the fourth method providing for paternal inheritance in section 42(b) of the Probate Code.

Appellant attacked only the legal theory supporting Thomas's claim under the second method (court decree) providing for paternal inheritance under section 42(b) of the Probate Code. Because the Judgment Declaring Heirship pronouncing Thomas to be the child of Jim Brooks, Jr. and the sole heir of his estate may be upheld on at least two other legal theories, we affirm the holding of the probate court.

Appellant, Doreenie Lewis, filed a notice of appeal on December 18, 1998, but has not filed an appellate brief with this Court and has not responded to our order of December 16, 1999. Accordingly, we dismiss her appeal for want of prosecution. TEX.R.APP. P. 42.3(b).

**2.** *See* Act of May 29, 1975, 64th Leg., R.S., ch. 476 § 13, 1975 Tex. Gen. Laws 1261, 1263 (current version at TEX. FAM. CODE ANN. § 160.202 (Vernon 1996)).