**Faraon SAENZ, et al., Appellants,**

v.

**Oziel Amando SAENZ, Appellee.**

**No. 04–00–00772–CV.**

Court of Appeals of Texas,
San Antonio.

April 18, 2001.

Bob J. Spann, Bob J. Spann & Associates, Corpus Christi, for Appellant.

Ricardo D. Palacios, Campero & Gloyna, Laredo, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, CATHERINE STONE, Justice.

1.  *See* Tex.R.App. P. 47.1 (court should only address issues necessary to final disposition of

## OPINION

PHIL HARDBERGER, Chief Justice.

This is an appeal of a trial court's order dismissing the underlying cause for lack of subject matter jurisdiction. The trial court's order states, "the subject matter of this cause is incident to and appertaining to the Estate of Jose Maria P. Saenz, which independent administration was pending in the County Court of Jim Hogg County, Texas, at the time of the filing of this action in this court, and is still pending in said County Court." The appellants raise several issues in their brief. Because we conclude that the trial court properly dismissed the underlying cause for lack of subject matter jurisdiction, we affirm the trial court's judgment.[1]

### PROCEDURAL HISTORY

Jose Maria P. Saenz executed a will in March of 1986. In 1987, 1988, and 1992, Jose executed three deeds relating to real property also addressed in his will. Jose died in April of 1993, and his will was admitted to probate in May of 1993. The appellee, Oziel Amando Saenz, was appointed independent executor. In May of 1995, the appellants filed a lawsuit against Oziel in district court asserting their right to the property conveyed by the deeds.

Oziel filed a motion for summary judgment, claiming that the district court lacked jurisdiction over the subject matter of the suit because of the probate pending in county court. The district court agreed and dismissed the lawsuit for lack of subject matter jurisdiction in August of 2000. In November of 2000, the appellants filed a motion in the pending probate proceeding in county court to require an accounting, distribution of the will, and alternative

appeal).

removal of executor. The county court responded by transferring the pending probate cause to district court.

## STANDARD OF REVIEW

■ "Because a challenge to jurisdiction presents a question of law, we review the trial court's determination of subject matter jurisdiction de novo." *Garza v. Rodriguez,* 18 S.W.3d 694, 696 (Tex.App.— San Antonio 2000, no pet.). "In conducting our review, we take as true the facts [pled] in appellants' petition and determine whether the petition supports jurisdiction in the trial court." *Id.*

## DISCUSSION

■ In their fourth amended petition, the appellants stated jurisdiction was proper in district court because "these proceedings seek a recovery, a declaratory judgment of ownership, and a judgment of partition awarding the Plaintiffs and others herein title and possession to land located in Jim Hogg County, Texas. . . ." The appellants attach the three aforementioned deeds as exhibits to their petition.

■ Article 5, section 8 of the Texas Constitution defines the jurisdiction of district courts as consisting of "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. "The probate code limits the jurisdiction of the district courts by conveying to other courts exclusive jurisdiction over certain probate matters." *Texas Commerce Bank–Rio Grande Valley, N.A. v. Correa,* 28 S.W.3d 723, 727 (Tex.App.—Corpus Christi 2000, pet. denied).

Section 4 of the Texas Probate Code ("Code") provides that county courts shall have the general jurisdiction of a probate court. *See* TEX.PROB.CODE.ANN. § 4 (Vernon Supp.2000). Section 5(c) of the Code provides:

> In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate and administrations shall be filed and heard in such courts and the constitutional county court, rather than in the district courts. . . .

*See* TEX. PROB.CODE. ANN. § 5(c) (Vernon Supp.2000). Section 5A provides that "all actions for trial of title to land" and "generally all matters relating to the settlement, partition, and distribution of estates of deceased persons" are matters appertaining to and incident to an estate over which probate courts have jurisdiction. *See* TEX. PROB.CODE. ANN. § 5A (Vernon Supp.2000).

Title to the land conveyed both by Jose's will and by subsequent deeds is a matter appertaining to Jose's estate. The jurisdiction of the Jim Hogg county court acting as a probate court over such matters is exclusive while the estate administration is pending in that court. *See Texas Commerce Bank–Rio Grande Valley, N.A. v. Correa,* 28 S.W.3d at 727; *Herring v. Welborn,* 27 S.W.3d 132, 140 (Tex.App.—San Antonio 2000, pet. denied); *see also Herbst v. Sheppard,* 995 S.W.2d 310, 313 (Tex. App.—Corpus Christi 1999, pet. denied) (rejecting any distinction based on independent administration).

## CONCLUSION

The trial court properly dismissed the action filed in district court for lack of

subject matter jurisdiction.[2] The trial court's judgment is affirmed.

2. We note that the subsequent transfer of the probate cause to district court does not affect this result because the trial court did lack jurisdiction at the time it properly entered its order of dismissal. It appears that the claims asserted in the district court lawsuit now could be asserted in a proper pleading filed in the probate cause now pending in district court.