In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-319 CV


____________________



LEONARD JETER, Appellant



V.



BILL F. MCGRAW, RAMONA KATHARINE MCGRAW, 


JOHN D. FARR, ARTIE R. FARR BROOKS and the


ESTATE OF WILLIE MACK FARR, Appellees






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 20,865






O P I N I O N


 Appellant Leonard Jeter ("Leonard") filed a petition seeking a declaratory judgment
declaring him an heir of Maine Jeter and a 50% undivided interest owner of certain real
property in Jasper County, and to partition the property. The trial court granted appellees Bill
and Ramona Katharine McGraw's partial motion for summary judgment on the heirship
issue, denied Leonard's motion for partial summary judgment, and partitioned the property
in question, awarding appellees an undivided three-fourths interest in the property, and
Leonard an undivided one-fourth interest. Leonard appeals.

 Maine Jeter married Mary Lee Hamilton Diggles Jeter in 1931. The couple did not
have any children together. In 1934, Maine and his mother, Octovene Powell, purchased two
tracts of land in Jasper County as co-tenants. Each owned a 50% undivided interest in the
tracts of land. Maine and Mary remained married until Maine died intestate in 1947. As
Maine's surviving spouse, Mary then owned a community one-half interest in Maine's 50%
share. 

 In 1965, Octovene conveyed her 50% undivided interest in the tracts of land to
Leonard and Gussie Farr. Each received an undivided 25% interest. In 1981, attorney Bill
McGraw prepared an affidavit of heirship setting out Leonard and Mary Jeter as the only
heirs of Maine Jeter and the affidavit was filed on July 5, 1983. (1) Mary Jeter subsequently
conveyed all of her undivided interest to Bill McGraw. 

 Leonard asserts he is the biological son of Maine Jeter and Azzie Lee Adams, and that
he was born outside of wedlock in 1935. He maintains he is entitled to one-half of his
father's, Maine Jeter's, estate as a surviving child, which would make him a 50% undivided
interest owner (25% conveyed from Octovene's undivided 50% share and one-half of
Maine's 50% undivided share at his death) in the two tracts. Leonard petitioned the district
court to enter a declaratory judgment declaring him an heir of Maine Jeter and a 50%
undivided interest owner of the two tracts. 

 The McGraws answered and attached an affidavit of heirship signed by Maine Jeter's
uncle, L.C. Bowie, stating that Maine had never adopted Leonard, never executed an
acknowledgment of paternity, and a probate court had never found Maine to be Leonard's
biological father. The McGraws then filed their motion for partial summary judgment as to
the heirship issue only, asserting Leonard has never been adjudicated to be the child of Maine
Jeter under Chapter 160 of the Texas Family Code and has not petitioned the probate court
for a determination of right of inheritance under section 42 of the Texas Probate Code. 
Leonard filed his motion for partial summary judgment requesting the court to determine that
he is Maine's son and that denying him his right to inheritance would violate his
constitutional rights of due process. The trial court granted the McGraws' motion for partial
summary judgment and denied Leonard's motion for partial summary judgment. With the
trial court's entry of the partition decree, the action became final and appealable.

 In Jeter v. McGraw, 79 S.W.3d 211 (Tex. App.--Beaumont 2002, pet. denied), we
reversed summary judgment favorable to the McGraws, but because of an incomplete
development of the record facts, and in the interest of justice, we remanded the cause to the
trial court "to allow the parties an opportunity to refine their pleadings and address the issues
set forth in this opinion[.]" Id. at 216. One of the issues addressed was whether Leonard had
established his legal right to inherit from his purported biological father, Maine Jeter. See
id. at 213-15. 

 Upon remand, as noted above, Leonard filed a third amended petition requesting the
trial court award him a one-half undivided interest in the property in question, asserting his
entitlement to the property because "he [Leonard] inherited half of his father Maine Jeter's
estate as a surviving child[.]" The McGraws answer raised a number of defenses, and
included the following allegations: 

5.


 These Defendants deny that Main [sic] Jeter was the biological father of the
Plaintiff, Leonard Jeter. An Affidavit of Heirship executed by L.C. Bowie is
attached as an exhibit to verify this denial.


6.



 These Defendants would further show the Court that Plaintiff has not
complied with a single provision or requirement of Tex. Prob. Code Ann. Sec.
42(b) by which a child born outside of wedlock may inherit from his or her
father. 


 In refining their pleadings, the McGraws have now made conspicuous the presence
of an issue that was obscure on original submission, and we are required to address it sua
sponte, viz: whether the district court properly exercised jurisdiction in this case. See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Watson v. Dallas Indep.
Sch. Dist., 135 S.W.3d 208, 224 (Tex. App.--Waco 2004, no pet.); Lawrence v. City of
Wichita Falls, 122 S.W.3d 322, 326 (Tex. App.--Fort Worth 2003, pet. denied).

 Although the predominate focus of Leonard's petition is his right to be awarded 50%
of the tracts and partition of the two tracts in question, he also seeks a determination of
heirship. Early Texas law allowed an illegitimate child to inherit from his father only if the
father and mother married after the child's birth, thereby legitimizing the child. See James
v. James, 253 S.W. 1112, 1115 (Tex. Civ. App.--San Antonio 1923, writ ref'd). This
principle was later codified in section 42 of the Texas Probate Code. Act of March 17, 1955,
54th Leg., R.S., ch. 55, § 42, 1955 Tex. Gen. Laws 88, 102. Generally the statutes in force
at the time of death govern the disposition of the decedent's estate. Dickson v. Simpson, 807
S.W.2d 726, 727 (Tex. 1991). However, the United States Supreme Court held in Trimble
v. Gordon, 430 U.S. 762, 764-66, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), that a state 
unreasonably restricts the inheritance rights of children born out of wedlock when a statute
totally disinherits said children from the paternal estate if the parents do not subsequently
marry. In Reed v. Campbell, 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858 (1986), the
Supreme Court expressly applied its holding in Trimble to section 42 of the Texas Probate
Code and held that Trimble would have retroactive application. See Reed, 476 U.S. at 854-57. 

 Because Maine never married Leonard's biological mother, for a period of time
Leonard was statutorily precluded from establishing his right to inheritance. In 1977, the
legislature amended section 42 to grant inheritance rights when the father voluntarily
legitimized the child under chapter 13 of the Texas Family Code. Act of May 13, 1977, 65th
Leg., R.S., ch. 290, §1, sec. 42(c), 1977 Tex. Gen. Laws 762, 762. Leonard could not
establish his right to inheritance under this provision because Maine never voluntarily
legitimized Leonard under chapter 13 of the Texas Family Code. In 1979 the legislature
further amended section 42 to allow a child to establish inheritance rights by court decree
under chapter 13 of the Family Code. Act of March 19, 1979, 66th Leg., R.S., ch. 24, § 25,
sec. 42(b), 1979 Tex. Gen. Laws 35, 40; see also Act of May 17, 1979, 66th Leg., R.S., ch.
713, § 5, sec. 42(b), 1979 Tex. Gen. Laws 1740, 1743 (reenacting same provisions). Leonard
could not establish he was Maine's heir upon this amendment to the Probate Code, because,
as originally enacted, the Family Code provision barred the suit if the child initiating the suit
was over one-year old. See Act of June 2, 1975, 64th Leg., R.S., ch. 476, § 24, sec. 13.01,
1975 Tex. Gen. Laws 1253, 1261-62. At the time of the 1979 amendment of the Probate
Code, Leonard was forty-years-old. Over time, the permissible filing age increased to twenty
years, but this increase was still of no avail to Leonard. 

 In response to Trimble, the Texas legislature subsequently amended section 42 to
allow a child to establish paternal inheritance in probate court even if not previously
established under the Family Code. Act of May 30, 1987, 70th Leg., R.S., ch. 464, § 1, sec.
42(b), 1987 Tex. Gen. Laws 2051, 2051. (2) As an illegitimate putative heir, Leonard was
finally allowed an opportunity to pursue a post-death paternity hearing to determine heirship. 
See Turner v. Nesby, 848 S.W.2d 872, 874 (Tex. App.--Austin 1993, no writ). On March 5,
1999, Leonard filed his original petition in this cause. 

 The language of section 42(b) coincides with section 5 of the Texas Probate Code. 
Section 5 (b) states that "[i]n those counties where there is no statutory probate court, county
court at law or other statutory court exercising the jurisdiction of a probate court, all
applications, petitions and motions regarding probate and administrations shall be filed and
heard in the county court" unless, in the case of contested probate matters, the judge of the
county court, on the judge's own motion or on the motion of any party, requests the
assignment of a statutory probate court judge to hear the contested portion, or transfers the
contested portion of the proceeding to the district court. Act of May 26, 1987, 70th Leg.,
R.S., ch. 549, § 4, sec. 5(b), 1987 Tex. Gen. Laws 2043, 2044 (amended 1999, 2001) (current
version at Tex. Prob. Code Ann. § 5(b) (Vernon Supp. 2006). We take judicial notice that
Jasper County has a constitutional county court but has no statutory probate court, county
court at law or other statutory court exercising the jurisdiction of a probate court. 

 Subject matter jurisdiction exists by operation of law and cannot be conferred on a
court by consent or waiver. See Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000). 
Lack of subject matter jurisdiction renders a judgment void rather than merely voidable. 
Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990). Exclusive original jurisdiction to
determine heirship is conferred upon the county court sitting in probate, and the district court
has no such original jurisdiction. See Palmer v. Coble Wall Trust Co., 851 S.W.2d 178, 180
n.3 (Tex. 1992) ("In those counties where there is no statutory county court exercising
probate jurisdiction, most probate matters must be filed in the constitutional county court, .
. . however, the county judge may transfer contested matters to the district court[.]")
(emphasis added); Trevino v. Lerma, 486 S.W.2d 199, 200 (Tex. Civ. App.--Beaumont 1972,
no writ). 

 In the instant case, Leonard's suit requires a threshold determination of his heirship
status prior to any adjudication of his entitlement to any of the real property purportedly
originating in Maine's estate. Such a determination is required here because there is no
record evidence that Leonard qualifies as a "legitimate child of his father" for inheritance
purposes under the applicable version of section 42(b). See Act of May 30, 1987, 70th Leg.,
R.S., ch. 464, § 1, sec. 42(b), 1987 Tex. Gen. Laws 2051 (amended 1989, 1997, 2001)
(current version at Tex. Prob. Code Ann. § 42(b)(1) (Vernon 2003). It is undisputed that
Leonard's mother, Azzie Lee Adams, and Maine were never married, therefore, no
"unrebutted presumption" establishing a father-child relationship is shown. See Tex. Fam.
Code Ann. §§ 160.201(b), 160.204 (Vernon 2002 & Supp. 2006). It is also undisputed that
Leonard has never been "legitimated" by having been "adjudicated to be the child of the
father by court decree" as provided for in the Texas Family Code, or by adoption by Maine,
and there is no evidence that Maine ever executed an acknowledgment of paternity in any of
the ways provided for in the Texas Family Code. See Act of May 30, 1987, 70th Leg., R.S.,
ch. 464, § 1, sec. 42(b), 1987 Tex. Gen. Laws 2051 (amended 1989, 1997, 2001). Therefore,
because Leonard's petition pleads his entitlement to one-half of "his father Maine Jeter's
estate as a surviving child[,]" and because of the complete absence of record evidence that
would permit Leonard to be considered a "presumed child" or an otherwise "legitimate child
of his father," as that status is only established by one or more of the provisions contained
in the first sentence of section 42(b)(1) of the Probate Code as discussed above, the
determination of Leonard's heirship status becomes a threshold matter, and any resolution
as to Leonard's right to or interest in the tracts of land in question is secondary to his
establishing a right to inherit from Maine. See Cantu v. Sapenter, 937 S.W.2d 550, 552 (Tex.
App.--San Antonio 1996, writ denied) (noting its prior holding in York v. Flowers, 872
S.W.2d 13 (Tex. App.--San Antonio 1994, writ denied), that heirship status was a
"prerequisite to York's recovery" in a suit brought in district court to determine York's
interest in property, but distinguishing the facts in York from those presented by Cantu,
noting: "Furthermore, in York, the party claiming to be an heir was a presumed child under
the statutory framework because she had lived with her deceased father and he held her out
as his own child."). Moreover, in Reed v. Campbell, 476 U.S. 852, 854-55, 106 S.Ct. 2234,
90 L.Ed.2d 858 (1986), the Supreme Court recognized limited, but "permissible,"
distinctions made on the basis of legitimacy when a statutory provision evidences a "State's
interest in providing for the orderly and just distribution of a decedent's property at death" 
As the Court explained:

 The state interest in the orderly disposition of decedents' estates may justify
the imposition of special requirements upon an illegitimate child who asserts
a right to inherit from her father, and, of course, it justifies the enforcement of
generally applicable limitations on the time and manner in which claims may
be asserted. After an estate has been finally distributed, the interest in finality
may provide an additional, valid justification for barring the belated assertion
of claims, even though they be meritorious and even though mistakes of law
or fact may have occurred during the probate process.


Id. at 855-56 (emphasis added).

 In the instant case, until heirship rights have been established, Leonard would appear
to lack standing to file any action seeking to recover property formerly belonging to Maine
on the basis of being Maine's heir. See Austin Nursing Center, Inc. v. Lovato, 171 S.W.3d
845, 848-49 (Tex. 2005); see also Ellis v. First City Nat'l Bank, 864 S.W.2d 555, 557 (Tex.
App.--Tyler 1993, no writ) (the first of two judgments rendered in partition suit determines,
inter alia, interest of each claimant, and determines all questions of law affecting the title). 
Leonard filed this suit requesting a declaration of heirship and partition of the two tracts of
land purported to be part of Maine Jeter's intestate estate in the district court instead of Jasper
County Court as required by the Probate Code. See Act of May 30, 1987, 70th Leg., R.S.,
ch. 464, § 1, sec. 42(b), 1987 Tex. Gen. Laws 2051 (amended 1989, 1997, 2001); Malone
v. Thomas, 24 S.W.3d 412, 413 (Tex. App.--Houston [1st Dist.] 2000, no pet.); Matherson
v. Pope, 852 S.W.2d 285, 288 (Tex. App.--Dallas 1993, writ denied) ("Section 42(b)
provides the exclusive means by which an illegitimate child may establish the right to inherit
from his biological father."). Under the facts and circumstances presented in the record, the
district court had no subject-matter jurisdiction to determine Leonard's heirship status. See
Jansen v. Fitzpatrick, 14 S.W.3d 426, 432 n.3 (Tex. App.--Houston [14th Dist.] 2000, no
pet.); Bell v. Hinkle, 562 S.W.2d 35, 37 (Tex. Civ. App.--Houston [14th Dist.] 1978, writ
ref'd n.r.e.); Trevino, 486 S.W.2d at 200. 

 Because the district court never acquired subject-matter jurisdiction over this matter,
its orders granting the McGraws' motion for partial summary judgment and denying
Leonard's motion for partial summary judgment; and its partition decree are void. See Reiss
v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003). We vacate the trial court's partition decree and
the orders on Leonard's and the McGraws' motions for partial summary judgment and
dismiss Leonard's claims. See Tex. R. App. P. 43.2(e). (3) 

 VACATED AND DISMISSED.


 __________________________________

 CHARLES KREGER

 Justice

Submitted on March 9, 2006

Opinion Delivered March 22, 2007

Before Gaultney, Kreger and Horton, JJ.

 DISSENTING OPINION


 This is a dispute over ownership and partition of land. The district court has subject
matter jurisdiction. See Gordon v. Jones, 196 S.W.3d 376, 381-82 (Tex. App.--Houston [1st
Dist.] 2006, no pet.). No estate is under administration by a probate court. See Schuld v.
Dembrinski, 12 S.W.3d 485, 487 (Tex. App.--Dallas 2000, no pet.); compare Saenz v. Saenz,
49 S.W.3d 447, 449 (Tex. App.--San Antonio 2001, no pet.). The district court may
determine heirship in the exercise of its authority to decide the ownership interests in the land
and partition the property. See Garza v. Rodriguez, 18 S.W.3d 694, 699 (Tex. App.--San
Antonio 2000, no pet.); Estate of Maxey, 559 S.W.2d 458, 460 (Tex. Civ. App.--Texarkana
1977, writ ref'd n.r.e.) ("[I]n a non-probate case such as a trespass to try title suit," a district
court may "determine the heirs of a decedent and do all things necessary and proper to
ascertain the lawful owners of the property."); Trevino v. Lerma, 486 S.W.2d 199 (Tex. Civ.
App.--Beaumont 1972, no writ); Wells v. Gray, 241 S.W.2d 183, 185-86 (Tex. Civ. App.--San Antonio 1951, writ ref'd )("When the district court originally obtains power and
jurisdiction over all the parties and the subject-matter, it may determine the heirs of a
decedent and do all things necessary and proper to ascertain the lawful owners and effect the
partition."); Murphey v. Murphey, 131 S.W.2d 158, 160-61 (Tex. Civ. App.--Waco 1939, no
writ). 

 When a court lacks jurisdiction over the subject matter, any judgment that the court
may render is void. Gordon, 196 S.W.3d at 382. The trial court awarded Leonard Jeter only
the 25% interest conveyed to him by Octovene Powell. Leonard Jeter claims entitlement as
Maine's heir to an additional 25% interest in the land. Appellee Bill McGraw testified at his
deposition as follows:

 Q. [Jeter's Attorney] I don't think there's any dispute, is there, that Leonard
Jeter is the son of Maine Jeter? You are not disputing that, are you?


 A. [Bill McGraw] No. 


Appellee Bill McGraw, an attorney, prepared the affidavit of heirship stating appellant
Leonard Jeter was the son of Maine Jeter. The majority says the judgment is void. I
disagree. If Leonard Jeter failed to appeal the judgment the majority considers void, could
he have attacked it in another court proceeding at any time?

 Whether or not Leonard Jeter is entitled to the additional 25% interest in the land, the
district court has subject matter jurisdiction to decide the merits of the dispute here. See
Gordon, 196 S.W.3d at 382 (Jurisdiction refers to the power of a court to determine the
merits of an action and render a judgment.). We should review the issues raised in this
appeal. I respectfully dissent. 

 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered

March 22, 2007
1. In deposition testimony contained in the record, McGraw disavows the truth of
said affidavit with regard to Leonard's heirship status. 
2. This provision took effect on September 1, 1987. 
3. Our disposition is without prejudice.