

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00349-CV

_____

ESTATE OF JAMES ANDREW PUCKETT, DECEASED

On Appeal from the County Court at Law
Cooke County, Texas
Trial Court No. PR17461

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Reneé[1] Puckett Frazier appeals from the statutory county court's denial of her motion to dismiss appellee Rufus Aaron Puckett's motion to set aside a deed to real property. Frazier argues that because Aaron's motion to set aside was a suit for the recovery of land, the statutory county court did not have subject-matter jurisdiction. We conclude that because Aaron's motion related to a pending probate proceeding, the statutory county court had the jurisdiction to determine the issue.

## I. BACKGROUND

### A. THE WILL AND DEED

The operative facts are largely undisputed. James Andrew Puckett Sr. executed a will on October 24, 2016, naming his grandson Aaron as his independent executor. James Sr. devised his real and personal property to his son James Andrew Puckett Jr. and to two of his grandsons, Aaron and James Puckett III, in "equal shares and in fee simple absolute."[2] But James Sr. specifically made "no provisions" for his other two sons or for Frazier, his daughter.

On April 26, 2017, James Sr. signed a general warranty deed conveying a one-acre parcel in Cooke County to Frazier for $10 but granting himself a life estate in the

---

[1]In the trial court, she referred to herself as "René," "Rene," and "Renee." In her appellate brief, she uses "Reneé."

[2]James Sr. specifically devised all of his guns, ammunition, and knives to James Jr. "to pass them onto his son . . . Aaron . . . when he sees fit or upon his death."

2

property.  *See generally* Tex. Est. Code Ann. § 114.051 (authorizing transfer-on-death deeds); Tex. Prop. Code Ann. § 5.041 (allowing conveyance of an "estate of freehold or inheritance" to commence in the future).

## B.  PROBATE PROCEEDINGS

James Sr. died on May 18, 2017.  Aaron applied to probate the will and for letters testamentary four days later in the County Court at Law of Cooke County, which is a statutory county court and has original probate jurisdiction as provided by law.[3]  *See* Tex. Est. Code Ann. § 32.002(b); Tex. Gov't Code Ann. §§ 25.0003(d), 25.0511; *see also* Tex. Gov't Code Ann. § 26.149(a) (providing Cooke County's constitutional county court has no probate jurisdiction).  The statutory county court admitted the October 24, 2016 will to probate, appointed Aaron independent executor of James Sr.'s will, and issued letters testamentary to Aaron.

Frazier filed an application to set aside the order admitting the will to probate based on her assertion that James Jr. and James III exerted undue influence over James Sr. when he executed the October 2016 will and also when he executed a prior will in 2015.  Frazier requested that these wills be declared invalid and that James Sr.'s March 19, 2013 will, which divided his estate equally among his four children, be admitted to probate.

---

[3]Cooke County does not have a statutory probate court.  *See* Tex. Est. Code Ann. § 22.007(c).

3

Aaron, as the estate's independent executor, filed a motion to set aside the April 26, 2017 general warranty deed as void because James Sr. lacked the capacity to sign the deed because he "was in poor health and in the hospital under significant medication" at the time and because Frazier exerted undue influence on James Sr. *See generally* Tex. Est. Code Ann. § 114.054(a) (requiring transferor of transfer-on-death deed to have capacity to contract). Aaron also raised the issue in a counterclaim to Frazier's application to set aside the probate-admission order.

Aaron then filed an inventory and appraisement that listed the real property that was the subject of the general warranty deed as an estate asset and valued the parcel at $80,890. *See id.* § 309.051. The statutory county court approved the inventory. *See id.* §§ 309.051(d), 309.054. Frazier later asked for the appointment of an appraiser to value the parcel. *See id.* § 309.001(a).

Approximately thirteen months after Aaron filed his motion to set aside the general warranty deed, Frazier filed a motion to dismiss Aaron's motion for want of jurisdiction, arguing that the statutory county court did not have jurisdiction over a suit for the recovery of land that was not part of James Sr.'s estate at the time of his death. *See* Tex. Gov't Code Ann. § 25.0003(a), (d); *cf. id.* § 26.043(8) (providing constitutional county court has no jurisdiction over suit for the recovery of land). Aaron responded that the statutory county court, sitting as a probate court, had jurisdiction to consider any matter related to the probate proceeding, including "a claim brought by a personal representative on behalf of an estate," "an action for trial

4

of title to real property that is estate property," and "an action for trial of the right of property that is estate property." Tex. Est. Code Ann. § 31.002(a)(3), (5), (6); *see also id.* § 32.001(a) (allowing court exercising original probate jurisdiction to hear "all matters related to the probate proceeding . . . for that type of court"), § 31.002(b)(1) (including matters listed in section 31.002(a) in probate jurisdiction for statutory county court if county, like Cooke County, has no statutory probate court).

The statutory county court held a nonevidentiary hearing on Frazier's motion to dismiss and issued a letter ruling granting the motion. In the letter, the statutory county court stated that because the property was conveyed before James Sr.'s death, it was not part of his estate; thus, any title issue must be heard by Cooke County's district court as a suit for the recovery of land. But four days later, during its plenary power, the statutory county court signed an order denying Frazier's motion. The statutory county court explained the reversal at a pretrial hearing:

> I am reversing my ruling on the motion to dismiss for lack of jurisdiction on the motion to set aside the deed for several reasons. One being that the probate proceeding was already pending when the motion to set aside the deed was filed. Second, the issue is going to be the same on the deed as the will, and that is lack of capacity and undue influence.
>
> . . . .
>
> . . . And the third thing is it would require a petition in the District Court which would create a second lawsuit for the parties, more expense and more pretrial hearings. And so I will be hearing the motion to set aside the deed.

5

The issues of undue influence and testamentary capacity were tried to a jury in the statutory county court.[4] The unanimous jury found that Aaron, James Jr., and James III did not procure James Sr.'s October 24, 2016 will by undue influence; that James Sr. had testamentary capacity when he executed the October 24, 2016 will; that Frazier procured the April 26, 2017 deed through fraud and undue influence; and that James Sr. did not have the mental capacity to execute the April 26, 2017 deed. The statutory county court entered final judgment on the jury's verdict, declaring the October 24, 2016 will to be James Sr.'s valid and unrevoked will and setting aside the April 26, 2017 general warranty deed as void. Therefore, the statutory county court "deemed" that the real property that was the subject of the general warranty deed "remain[ed] an asset" of James Sr.'s estate.

## C. APPEAL

Frazier filed a notice of appeal from the order denying her motion to dismiss and from the final judgment. In her brief, however, Frazier attacks only the denial of her pretrial, jurisdictional motion and asks whether a statutory county court has probate jurisdiction to set aside a deed to real property not owned by the testator at the time of his death. Because James Sr. deeded the real property at issue to Frazier before his death, subject to his life-estate interest, Frazier asserts that it cannot be

---

[4]No party requested that the reporter's record from the trial on the merits be prepared.

considered estate property and therefore does not fall within the statutory county court's probate jurisdiction as a related matter under section 31.002.

## II. JURISDICTION

Because the statutory county court's jurisdiction to determine the validity of the general warranty deed is a question of law, we review the denial of Frazier's motion to dismiss de novo. *See Garza v. Rodriguez*, 18 S.W.3d 694, 696 (Tex. App.—San Antonio 2000, no pet.) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)). To establish subject-matter jurisdiction, Aaron was required to affirmatively demonstrate the statutory county court's jurisdiction to hear the issue of the validity of the general warranty deed. *See Jansen v. Fitzpatrick*, 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We take as true the facts Aaron alleged in his motion to set aside the deed and his counterclaim requesting the same relief to determine whether he met his burden to establish jurisdiction in the statutory county court. *See Saenz v. Saenz*, 49 S.W.3d 447, 449 (Tex. App.—San Antonio 2001, no pet.).

In his motion to set aside, Aaron alleged that Frazier was in possession of the tract, which was "property belonging to the Estate" of James Sr., and refused to relinquish possession. Aaron acknowledged that Frazier asserted the property had been deeded to her shortly before James Sr.'s death but contended that James Sr. had previously made no bequest to Frazier in his will, that he did not have the capacity to execute such a contract, and that he was "under undue influence." In his

7

counterclaim, which he referred to as a suit to set aside the general warranty deed, Aaron again noted the lack of a bequest to Frazier in James Sr.'s October 2016 will and pointed to Frazier's undue influence and James Sr.'s lack of capacity: Eleven days after being admitted to the hospital with "serious medical issues" and while "under heavy medications," James Sr. "was tricked into signing a General Warranty Deed purportedly conveying his house to [Frazier]. Because the deed was procured by trickery and fraud, it is void."

As we explained above, Cooke County does not have a statutory probate court and its constitutional county court has no probate jurisdiction; therefore, the statutory county court exercises original jurisdiction over probate proceedings in Cooke County. *See* Tex. Est. Code Ann. § 32.002(b); Tex. Gov't Code Ann. §§ 25.0003(d), 25.0511, 26.149(a). *See generally Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 180 n.3 (Tex. 1992) ("Texas probate jurisdiction is, to say the least, somewhat complex."). For a claim to fall within the statutory county court's probate jurisdiction, it must be either a probate proceeding or a matter related to a probate proceeding as those terms are statutorily defined. *See In re Hannah*, 431 S.W.3d 801, 807–08 (Tex. App.— Houston [14th Dist.] 2014, orig. proceeding) (per curiam).

A probate proceeding encompasses "an application, petition, motion or action regarding . . . an estate administration," "a claim arising from an estate administration," and "any other matter related to the settlement, partition, or distribution of an estate." Tex. Est. Code Ann. § 31.001(4)–(6). By alleging in the

8

pending probate proceeding that the general warranty deed was void based on his lack-of-capacity and undue-influence arguments, Aaron was bringing a claim arising from the estate administration that directly related to the settlement, partition, and distribution of James Sr.'s estate. *See id.* § 22.012 (broadly defining "estate"); *see also In re Frank Schuster Farms, Inc.*, No. 13-10-00225-CV, 2010 WL 2638481, at *6 (Tex. App.—Corpus Christi–Edinburgh June 29, 2010, orig. proceeding [mand. denied]) (mem. op.) (noting statutory precursor to section 22.012 broadly defines estate to include property subject to transfer). Therefore, the statutory county court had jurisdiction to determine the validity of the deed as a probate proceeding. *See Saenz*, 49 S.W.3d at 449 ("Title to the land conveyed both by Jose's will and by subsequent deeds is a matter appertaining to Jose's estate. The jurisdiction of the Jim Hogg county court acting as a probate court over such matters is exclusive while the estate administration is pending in that court."); *see also Baker v. Baker*, No. 02-18-00051-CV, 2018 WL 4224843, at *1–2 (Tex. App.—Fort Worth Sept. 6, 2018, no pet.) (mem. op.) (recognizing exclusive probate jurisdiction over related probate matter triggered if probate proceeding already pending); *Pullen v. Swanson*, 667 S.W.2d 359, 363 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (recognizing jurisdiction over matters incident to estate "necessarily presupposes that a probate proceeding is already pending in that court").

Additionally, Aaron's counterclaim and motion to set aside were matters related to a probate proceeding because they involved the determination of the estate's right

9

to a claimed probate asset. *See English v. Cobb*, 593 S.W.2d 674, 676 (Tex. 1979) ("The determination of a decedent's right to probate assets necessarily falls within the scope of being an action 'incident to an estate.'")[5]; *see also* Tex. Est. Code Ann. § 22.029 (including "matter or proceeding relating to a decedent's estate" in definition of probate proceeding). Frazier argues that because the one-acre tract was not a part of James Sr.'s estate as a result of the general warranty deed, Aaron's counterclaim and motion to set aside the deed were not "an action for trial of the right of property that **is estate property**"; thus, she contends that the validity of the deed is neither a probate proceeding nor a matter related to a probate proceeding. Tex. Est. Code Ann. § 31.002(a)(6) (emphasis added). Our sister court has rejected this exact argument. *See Frank Schuster*, 2010 WL 2638481, at *5–6 (relying on *English*, 593 S.W.2d at 676, and concluding that lawsuit seeking title to real property was matter having "direct impact" on pending estate administration even though property arguably was not part of testator's estate at time of death); *see also Walker v. Walker*, 152 S.W.3d 220, 225 (Tex. App.—Dallas 2005, no pet.) ("We conclude that the probate court had jurisdiction to order the dependent administrator to sell the property, including the one-half interest not owned by Mother's estate, because this

---

[5]The former probate code conferred probate jurisdiction over matters "incident to an estate"; but the statutory change to "matters related to a probate proceeding" in the current estates code is not a substantive difference. *Baker*, 2018 WL 4224843, at *1 n.3; *see also Frank Schuster*, 2010 WL 2638481, at *6 (concluding whether matter is related to probate proceeding involves same analysis as prior determination of incident to an estate).

10

partition relates to Mother's estate under [the predecessor statute to sections 31.001 and 31.002 of the estates code]."). We agree with the *Schuster* court's analysis and applying it here, determine that Aaron's counterclaim and motion to set aside were matters directly related to a probate proceeding subject to the statutory county court's probate jurisdiction. Additionally, Frazier does not dispute that Aaron's counterclaim that he filed in the pending estate-administration proceeding as the independent administrator was a "claim brought by a personal representative on behalf of an estate," which is specifically included in the definition of a matter related to a probate proceeding. Tex. Est. Code Ann. § 31.002(a)(3), (b)(1).

## III. CONCLUSION

Whether the one-acre tract was an estate asset was a determination arising from a pending probate proceeding and was a matter directly related to the estate's administration. Accordingly, the statutory county court had jurisdiction to determine Aaron's counterclaim and motion to set aside the deed. We conclude that Aaron affirmatively established the statutory county court's jurisdiction to determine the issue of the general warranty deed's validity. We overrule Frazier's issue and affirm the statutory county court's order denying Frazier's motion to dismiss and its resulting final judgment. *See* Tex. R. App. P. 43.2(a).

11

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  August 1, 2019