**Opinion issued July 22, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-25-00298-CV**

———————————

**IN THE INTEREST OF M.H., C.H., J.H., M.H., M.H., AND M.H.**

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-00104J**

---

**MEMORANDUM OPINION**

This appeal arises out of a suit brought by the Department of Family and Protective Services. The Department eventually nonsuited, and the parents of the children then filed this appeal from the nonsuit. But the parents have neither filed an appellate brief nor paid the appellate filing fee, despite notices from this Court's clerk informing them of their obligations. We thus dismiss the parents' appeal.

**Appellate Procedural History**

The parents filed their notice of appeal on April 24, 2025. The parent's appellate brief was then due on May 22, 2025. But the parents failed to file their brief or to seek an extension of their deadline.

On June 3, 2025, this Court's clerk sent the parents a late-brief notice. In the notice, the clerk advised the parents that they had ten days to move for an extension, either accompanied by their brief or a request to further extend the deadline for filing their brief. The clerk further advised that failure to comply could result in dismissal for failure to prosecute their appeal. The parents have not responded.

In addition, the parents to date have not paid the appellate filing fee. On May 21, 2025, this Court's clerk notified the parents that they had until June 20, 2025 to either pay the filing fee or explain in writing why they should not have to pay it. The clerk further advised that failure to act could result in the dismissal of their appeal. However, the parents have not paid the fee or explained their failure to do so.

**Dismissal for Want of Prosecution and Failure to Comply with Court Notices**

After giving ten days' notice to the parties, this Court may dismiss an appeal for either want of prosecution or because an appellant has failed to comply with a notice from the clerk. TEX. R. APP. P. 42.3(b), (c). Failure to file an appellate brief after notice constitutes want of prosecution warranting dismissal. *E.g.*, *Malone v. Thomas*, 24 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Similarly, the failure to pay the appellate filing fee (or to explain why one should not have to pay it) after notice is grounds for dismissal. *E.g.*, *In re M.A.*, 222 S.W.3d 670, 671–72 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

The parents failed to meet both of these requirements. Despite notices informing them of the possibility of dismissal of their appeal, the parents have neither filed their appellate brief nor paid the appellate filing fee (nor offered any explanation for their failure to pay). Therefore, dismissal is proper under the circumstances. *See* TEX. R. APP. P. 42.3(b), (c); *Malone*, 24 S.W.3d at 414; *In re M.A.*, 222 S.W.3d at 671–72. We dismiss this appeal.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.